COMMONWEALTH OF
PENNSYLVANIA,
Appellee

v.

Shawn SALISBURY, Appellant

Superior Court of Pennsylvania.

Submitted Feb. 24, 2003.
Filed April 29, 2003.

Victoria H. Vidt, Public Defender, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney, and Francesco L. Nepa, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before HUDOCK, LALLY–GREEN, and MONTEMURO *, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, Shawn Salisbury, appeals from the judgment of sentence entered on May 29, 2002. We affirm.

¶ 2 The trial court found the following facts:

This is a *de novo* Summary Appeal of Defendant, Shawn Salisbury, from a Magistrate's Order finding him guilty of driving with a suspended license, DUI related, 75 Pa.C.S.A., Section 1543(b) and imposing a fine of $1,000.00.

A hearing was concluded on this appeal on May 29, 2002, at which time this Court found Defendant guilty and sentenced him to a mandatory ninety (90) days, including a fine of $1,000.00 payable at $25.00 per month.

Officer John Vitullo testified that after observing two vehicles, one following close behind the other, he confronted the operators of both vehicles in a parking lot and asked for identification from both. When Defendant replied that he had no driver's license, Officer Vitullo ran his name and birth date through NCIC and discovered that he was driving under suspension, DUI related. Therefore, he issued a citation to Defendant. Defendant denied that he was the individual driving the car, and that the officer confused his wife's car with another blue vehicle. However, Officer Vitullo testified that he was positive that Defendant was the same person he observed driving the vehicle.

Trial Court Opinion, 9/5/02, at 1–2 (citations omitted). On May 29, 2002, the trial court found Appellant guilty of Driving while Operating Privilege is Suspended, DUI related, 75 Pa.C.S.A. § 1543(b). The trial court sentenced Appellant to a term of incarceration of 90 days and a $1,000.00 fine. This appeal followed.

¶ 3 Appellant raises the following issue on appeal:

1. Did counsel for Mr. Salisbury provide ineffective assistance in this case?

(a) Was counsel ineffective for failing to call witnesses on Mr. Salisbury's behalf to testify regarding his defense to the charges?

(b) Was counsel ineffective for misstating the facts of Mr. Salisbury's defense in his argument to the lower court?

Appellant's Brief at 4.

¶ 4 Before we can address this ineffectiveness claim on the merits, we must consider the impact of our Supreme Court's recent decision in *Commonwealth v. Grant*, 813 A.2d 726 (Pa.2002). In *Grant*, the Court announced a general rule that an appellant "should wait to raise claims of

* Retired Justice assigned to the Superior Court.

ineffective assistance of trial counsel until collateral review." *Id.* at 738.

The Court's rationale for this rule was its concern that an appellate court is sometimes hampered by the necessity to review such a claim on an undeveloped record. *Id.* at 733–737.

¶ 5 The Court, however, did not announce a complete prohibition on consideration of ineffectiveness claims on direct review. The Court stated: "We now hold that, as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." (emphasis added). The use of the word "should" is suggestive rather than directive. The Court also acknowledged that under limited circumstances, the Court may choose to create an exception to the general rule and review certain ineffectiveness claims on direct appeal. *Id.* at 738, n. 14.

¶ 6 Further, the Court later stated that "although the parties **may rely on the old rule of law and raise ineffectiveness claims, neither party will be harmed by application of the new rule** since claims of ineffectiveness can be raised in a collateral proceeding..." *Id.* at 738 (emphasis added). The Court, thus, recognized the principle that no harm should inure to the parties because of the new rule.

¶ 7 Here, Appellant was convicted of a summary offense. The sentencing court sentenced Appellant to 90 days imprisonment. Because of the short duration of the term of imprisonment, Appellant would be precluded from challenging his ineffective assistance of counsel claim in a collateral petition.[1] Harm is demonstrated by the fact that Appellant will not be able to challenge his constitutional right to effective assistance of counsel because of the length of his sentence. We, thus, discuss Appellant's ineffectiveness claim on the merits.

¶ 8 Our standard for reviewing an ineffectiveness claim is well-settled. In order to successfully demonstrate ineffective assistance of counsel, Appellant must establish: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) that the ineffectiveness of counsel caused him prejudice, *i.e.,* if not for counsel's ineffectiveness, there is a reasonable probability that the outcome of the trial would have been different. *Commonwealth v. Mason,* 559 Pa. 500, 741 A.2d 708, 715 (1999). We presume counsel is effective and place upon appellant the burden of proving otherwise. *Commonwealth v. Paddy,* 569 Pa. 47, 800 A.2d 294, 306 (2002). An allegation of ineffectiveness cannot be established without a finding of prejudice. *Commonwealth v. March,* 528 Pa. 412, 598 A.2d 961, 963 (1991). Moreover, counsel cannot be found ineffective for failing to pursue a baseless or meritless claim. *Commonwealth v. Thomas,* 783 A.2d 328, 332–333 (Pa.Super.2001).

¶ 9 Appellant first claims that counsel was ineffective for failing to call witnesses on Appellant's behalf at trial. Before we review Appellant's issue, we must first determine whether it is properly

---

1. In order to be eligible for relief under the PCRA, a petitioner must be convicted of a crime and be currently serving a sentence of imprisonment, probation or parole for that crime. 42 Pa.C.S.A. § 9543(a)(1). Because of the short duration of imprisonment, Appellant would be precluded from his right to *have his claim reviewed if not addressed on* direct appeal. Here, review delayed constitutes review denied. Although Appellant's sentence is stayed pending his direct appeal, there is no provision for a mandatory stay of Appellant's judgment of sentence pending a collateral attack of that sentence. *See,* Pa. R.Crim.P. 462(G)(2) and 461.

before us. When a trial court directs a defendant to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P.1925(b), any issue not raised in such a statement will be waived. *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306, 308 (1998). Appellant failed to raise this issue in his Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P.1925(b). The issue is, thus, waived. *Lord.*

¶ 10 Appellant next claims that counsel was ineffective for misstating the facts to the trial court in his defense of Appellant. Appellant's defense was that he was not driving any vehicle when the officers issued him a citation. Appellant claims that counsel misstated the facts when counsel said that Appellant had "already exited" the vehicle, but did not also make clear that Appellant was not driving the vehicle. This, Appellant contends, eviscerates Appellant's defense.

¶ 11 The record reflects the following regarding what counsel stated at the May 29, 2002 hearing:

> It comes down to a matter of credibility. Mr. Salisbury said he was already exited and outside the scope of the control of the vehicle when he was approached. There was another vehicle that looked like the one his wife owns and he was talking to the other driver.

N.T., 5/29/02, at 6. Also, Appellant testified that he was not in the vehicle when the officer issued the citation because Appellant was in the process of moving out of his apartment. N.T., 5/29/02, at 6.

¶ 12 Our review of the record reflects no misstatement of the facts. Counsel's statement that Appellant had "exited" the vehicle is consistent with the testimony of Appellant. Appellant said he was not in the vehicle when the officer issued the citation; counsel said the same. Thus, counsel did not misstate the facts.

¶ 13 Moreover, even if counsel had misstated the facts, Appellant failed to establish prejudice. In order to establish a claim of ineffectiveness, an appellant must show that, but for counsel's act or omission, there is a reasonable probability that the result would have been different. *Commonwealth v. Mann,* 2003 PA Super 119 ¶ 12.

¶ 14 Our review of the record reflects that Officer Vitullo testified that he saw Appellant driving a vehicle. N.T., 5/29/02, at 3. Officer Vitullo spoke with Appellant after Appellant's car had been stopped, regarding why Appellant and another vehicle were driving so closely to one another. *Id.*

¶ 15 Here, the trial court found Officer Vitullo's testimony credible. Trial Court Opinion, 9/5/02, at 2. We will not disturb this determination. Because an independent source, Officer Vitullo, saw Appellant driving a vehicle, Appellant failed to establish prejudice and his ineffectiveness claim, thus, fails. *Mann; Mason.* Appellant's second claim fails.

¶ 16 Accordingly, on the basis of the foregoing, we affirm Appellant's judgment of sentence.

¶ 17 Judgment of sentence affirmed.