COMMONWEALTH of Pennsylvania,
Appellee,

v.

William Jesse RANDAL, Appellant.

Superior Court of Pennsylvania.

Submitted June 23, 2003.

Filed Dec. 1, 2003.

Candace Cain, Public Defender, Pittsburgh, for appellant.

Michael W. Streily, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: DEL SOLE, P.J.,
JOHNSON, HUDOCK, MUSMANNO,
LALLY–GREEN, KLEIN, BENDER,
BOWES and GRACI, JJ.

OPINION BY BENDER, J.:

¶ 1 This is an appeal from a judgment of sentence imposed upon William Jesse Randal (Appellant) after he pled guilty to two counts of Driving Under the Influence (DUI), 75 Pa.C.S. § 3731(a)(1) and (4), one count of Receiving Stolen Property (RSP), 18 Pa.C.S. § 3925, and the summary offense of Windshield Obstructions and Wipers, 75 Pa.C.S. § 4524. Appellant challenges the constitutionality of what is known as Act 63 of 2000 (Act 63), Ignition Interlock Devices, codified at 42 Pa.C.S. §§ 7001–7003.[1] For the reasons that fol-

---

1. The opinion issued by the Pennsylvania Supreme Court in *Commonwealth v. Mockaitis,* —— Pa. ——, 834 A.2d 488, 491 (2003), provides an overview of Act 63, which we reproduce here:

Act 63 defines an "ignition interlock system" as: "A system approved by the [D]epartment [of Transportation] that prevents a vehicle from being started or operated unless the operator first provides a breath sample indicating that the operator has an alcohol level of less than .025%." 42 Pa.C.S. § 7001. The Act directs that where a person is convicted of a second or subsequent DUI offense, the sentencing court "shall order the installation of an approved igni-

low, we vacate that part of Appellant's sentence requiring the installation of an approved ignition interlock system on each of his motor vehicles as a condition precedent to the restoration of his operating privileges by the Pennsylvania Department of Transportation (Department).

¶2 On October 4, 2000, Appellant was sentenced on the first DUI count to serve a period of incarceration of not less than thirty days nor more than two years, less one day. No further penalty was imposed for the second DUI count. On the RSP count, Appellant was sentenced to a two-year period of probation, consecutive to the sentence on the first DUI count. For the summary offense, the court imposed a fine. Additionally, pursuant to Act 63,[2] the sentencing court ordered Appellant "to have installed an approved ignition interlock device on each and every vehicle owned or registered in [Appellant's] name. This portion of the sentencing order is to take effect upon the restoration of [Appellant's] operating privileges by the Department of Transportation." Trial Court Order, 10/4/00.

¶3 On October 16, 2000, Appellant filed a Petition to Modify Sentence, alleging, *inter alia,* that Act 63 is unconstitutional on its face and as applied. Consequently, Appellant requested that the sentencing court vacate the requirement that he use the ignition interlock system. Appellant's Petition to Modify Sentence was denied on February 12, 2001, and he filed a timely notice of appeal to this Court. Appellant's appeal was consolidated with two other appeals, *Commonwealth v. Harris,* 521 WDA 2001, and *Commonwealth v. McManus,* 479 WDA 2001, both of which also raised constitutional issues with regard to Act 63. Initially, a panel decision was entered affirming the judgments of sentence in the three cases. However, that decision was withdrawn and on October 29, 2002, this Court granted reargument *en banc.*

¶4 Contemporaneously with our *en banc* review in the instant case, the Pennsylvania Supreme Court was also entertaining cases that involved the constitutionality of Act 63. In *Mockaitis,* the Supreme Court reasoned that:

tion interlock device on each motor vehicle owned by the person," such installation to be effective at the time the Department would restore the serial DUI offender's operating privileges. *Id.* § 7002(b). The Act further requires that the sentencing court submit a record to the Department of the installation order. *Id.* If the offender applies to the Department for restoration of his driving privileges after his automatic one-year of suspension has expired, the Act further requires the sentencing court to provide the administrative agency with a "certification" that an appropriate ignition interlock system has been installed on each motor vehicle owned by the offender. *Id.; see also id.* § 7003(1). Once the court certifies that the systems are in place, the Act contemplates that the Department will issue an "ignition interlock restricted license," *i.e.,* one "which will be clearly marked to restrict the person to operating only motor vehicles equipped with an approved interlock ignition system." *Id.* § 7002(b),

§ 7003(2). After one year of driving under the restricted license, the offender, if otherwise eligible, may apply for a replacement license that does not contain the interlock restriction. *Id.* § 7003(4). Serial DUI offenders who do not apply for an ignition interlock restricted license are deemed ineligible to apply for the restoration of driving privileges for an additional year after their automatic one-year suspensions expire. *Id.* § 7003(1).

2. Appellant had prior DUI convictions and was, therefore, considered a "repeat DUI offender" for purposes of Act 63. *See also* 42 Pa.C.S. § 7002(c) (stating that "acceptance of Accelerated Rehabilitative Disposition, an adjudication of delinquency or a consent decree under Chapter 63 (relating to juvenile matters) or any other form of preliminary disposition of any charge brought under 75 Pa.C.S. § 3731 shall be considered a first conviction").

Act 63's delegation to the judiciary of the executive function necessary to effectuate issuance of an ignition interlock restricted license—*i.e.*, ordering installation of the interlock system(s) as a condition to applying to the Department for a restricted license, verifying compliance, and apprising the Department of the court's determinations—impermissibly violates the separation of powers doctrine.

*Id.* at 499. The Court went on to hold that this improper delegation of executive responsibility to the judiciary was unconstitutional.

In summary, we hold that the provisions of Act 63 which delegate to the courts the executive responsibility, more properly vested in the Department of Transportation, of regulating whether and when repeat DUI offenders are entitled to conditional restoration of their operating privileges, are unconstitutional, but severable. Accordingly, those provisions are invalidated. The remaining provisions of Act 63 still authorize the Department to impose an ignition interlock restriction upon serial DUI offenders who seek restoration of their operating privileges at the expiration of the one-year mandatory suspension of their licenses, and the Commonwealth has available to it ample means of enforcing that provision.

*Id.* at 503–04. In short, the Supreme Court determined that subsections 7002(b), 7003(1), and 7003(5) of Act 63 were unconstitutional, but severable from the remainder of the Act, leaving DUI offenders, who seek restoration of their driving privileges, to apply to the Department for an ignition interlock restricted license as required by 42 Pa.C.S. § 7003(2).

¶ 5 Also with regard to any equal protection arguments,[3] the *Mockaitis* court "offered no view on the merits of these claims because it is apparent that, with the constitutionally infirm provisions removed from the Act, the bases for these challenges disappear." *Id.* at 503. The Supreme Court recognized that these equal protection challenges could recur, but that the proper point in time to address these issues would be when a serial DUI offender would be aggrieved "by an actual determination made by the Department in enforcing the remaining provisions of the Act, [in] the administrative setting...." *Id.* at 503.

■ ¶ 6 Here, in the context of allegations of ineffectiveness of trial counsel,[4] Appellant argues that Act 63 violates the equal protection provisions, and the due process and *ex post facto* protections of both the federal and state constitutions.[5]

---

3. The Supreme Court in *Mockaitis* noted that the trial court:

focused on two "arbitrary classifications" it detected in the Act: (1) a classification which discriminates against lessees and other non-owners of motor vehicles because the Act allegedly renders them incapable of securing an interlock restricted license since the trial court cannot certify that they have installed devices on owned vehicles; and (2) a classification which allegedly discriminates against owners of multiple vehicles, by requiring them to install the devices on all owned vehicles.

*Id.* at 503.

4. Because Appellant's issues are framed in connection with allegations of ineffectiveness

of counsel, we are compelled to address whether *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), prohibits the consideration of these issues on direct appeal. As in *Commonwealth v. Salisbury*, 823 A.2d 914 (Pa.Super.2003), Appellant here could be precluded from challenging his ineffective assistance of counsel claims in a collateral petition due to the rather short duration of his sentence. 42 Pa.C.S. § 9543(a)(1). Therefore, we conclude that the resolution of Appellant's issues is appropriate at this time.

5. Even though Appellant alleges ineffectiveness of counsel in connection with each specific constitutional challenge, we forego the ineffectiveness analysis because we determine that the trial court's order requiring the in-

Because the portions of Act 63, which required the sentencing court to order the installation of the ignition interlock system, verify compliance, and certify the installation to the Department, have been found unconstitutional in *Mockaitis*, we are obligated to correct the sentence imposed upon Appellant.[6]

 ¶ 7 Our Court's "authority to review a sentence is governed by 42 Pa.C.S. § 9781." *Commonwealth v. Archer*, 722 A.2d 203, 209 (Pa.Super.1998) (*en banc*). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Alexander*, 811 A.2d 1064, 1065 (Pa.Super.2002), *appeal denied*, 573 Pa. 676, 822 A.2d 703 (2003) (quoting *Commonwealth v. Syno*, 791 A.2d 363, 365 (Pa.Super.2002)). Moreover, challenges to "[a]n illegal sentence can never be waived and may be reviewed *sua sponte* by this Court." *Archer*, 722 A.2d at 209. "An illegal sentence must be vacated." *Alexander*, 811 A.2d at 1066.

¶ 8 In light of the decision in *Mockaitis*, it is clear that a sentencing court does not have the statutory authority to impose the requirement that a DUI offender install an approved ignition interlock system(s) on his or her motor vehicle(s). Accordingly, without that authority, we conclude that the sentencing court imposed what amounts to an illegal sentence, which we hereby vacate to the extent that Appellant's sentence imposes the requirement that Appellant install an ignition interlock system on all vehicles that he owns. Because we may amend a sentence directly, *Commonwealth v. Huckleberry*, 429 Pa.Super. 146, 631 A.2d 1329, 1334 (1993), we need not remand for any revisions to Appellant's sentence.

¶ 9 Judgment of sentence imposing the installation of the ignition interlock system is vacated. Judgment of sentence in all other respects is affirmed. Jurisdiction relinquished.

¶ 10 Judge GRACI files a Concurring Statement.

**CONCURRING STATEMENT BY GRACI, J.:**

¶ 1 I join the disposition of the majority and its opinion except for footnote 4. In

stallation of the ignition interlock system is an illegal sentence. . *See infra.* .

6. We note that the Commonwealth argues that the sentencing court lacked jurisdiction to entertain a constitutional challenge to Act 63 in that an order requiring the installation of the ignition interlock device is in the nature of a collateral civil consequence to a criminal conviction and is not ripe for review in the present context. In response to this same argument, asserted by the Commonwealth in *Mockaitis*, the Supreme Court stated that:

> Because the ignition interlock requirement was an appropriate part of the court's initial sentencing order under the terms of Act 63, there is no jurisdictional impediment to the court's entertaining a challenge to the constitutionality of the Act via a post-sentence motion. The Commonwealth's argument might have more force if Act 63 had vested executive and compliance responsibilities in the Department, rather than the court. But, the court unquestionably was competent to rule upon a controversy involving the very statute under which it had acted. This is so regardless of whether the ignition interlock requirement, viewed in isolation, is more like a collateral civil consequence of the serial DUI offense than a "penalty." The Commonwealth's "jurisdictional" complaint, in reality, implicates a mere procedural question concerning the **preferred** method of challenge. In this regard, we note, as the trial court did, that "[t]here is nothing abstract about the prohibition contained in the sentencing order." Rather, that initial order, which effectuated the explicit directives of the statute, erected a condition precedent to restoration of appellee's license. Accordingly, the court had jurisdiction to entertain the challenge at the post-sentence stage.

*Id.* at 496 (emphasis in original).

my view, as Appellant received consecutive sentences of imprisonment and probation totaling four years less a day, his case is governed not by our decision in *Commonwealth v. Salisbury*, 823 A.2d 914 (Pa.Super.2003), but instead by our more recent decision in *Commonwealth v. Millward*, 830 A.2d 991, 994–995 (Pa.Super.2003). *Millward* concluded that the rule followed in *Salisbury* was inapplicable where the appellant was sentenced to a term of three years probation. However, because this case is before us in a timely appeal from a judgment of sentence, we may resolve Appellant's sentencing question for, as the majority quite properly points out, we may correct an illegal sentence *sua sponte.* Opinion, at 1214.

¶ 2 I write separately also to express my understanding of the majority's reliance on *Commonwealth v. Archer*, 722 A.2d 203 (Pa.Super.1998) (*en banc*), for the proposition that "[a]n illegal sentence can never be waived and may be reviewed *sua sponte* by this Court." Opinion, at 1214.

¶ 3 I agree with the validity of this statement in the procedural posture of this case as it is before us in a timely direct appeal from a judgment of sentence. We explained *Archer* in *Commonwealth v. Edrington*, 780 A.2d 721, 723 (Pa.Super.2001), saying, "[s]o long as jurisdictional requirements are met, '[a]n illegal sentence can never be waived and may be reviewed sua sponte by this court.' *Commonwealth v. Archer*, 722 A.2d 203, 209 (Pa.Super.1998)." In *Edrington*, we also directed the reader to "[s]ee generally *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214 (1999) (holding legality of sentence issue must give way to jurisdictional time limits.")." *Edrington*, 780 A.2d at 723. We further explained that challenges to the legality of a sentence "can be raised sua sponte by this Court, where our jurisdiction is firm." *Id.* (citation omitted).

¶ 4 Here, there is no question that our jurisdiction is firm to decide this timely filed direct appeal. Accordingly, since we can raise this issue concerning the legality of the imposition of the ignition interlock sentence sua sponte, it is inconsequential that Appellant raised it in the context of ineffective assistance of counsel. *Edrington*, 780 A.2d at 723 (court considered challenge to the legality of sentence on Commonwealth's appeal despite fact that Commonwealth failed to file a court-ordered statement of matters complained of on appeal since court could (and did) consider legality of sentence sua sponte).

¶ 5 I am concerned, however, at the breadth of the statement by the majority that "an illegal sentence can never be waived" as it no longer has any currency, in my view, in the context of post conviction collateral appeals under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541 *et seq.* ("PCRA").

¶ 6 There is to be sure, authority for the proposition that claims of illegality of sentence can never be waived. *See e.g. Commonwealth v. Diamond*, 376 Pa.Super. 485, 546 A.2d 628, 631 n. 3 (1988) (citing *Commonwealth v. Fulton*, 315 Pa.Super. 420, 462 A.2d 265, 266 n. 4 (1983)). These cases, of course, predate the 1995 amendments to the PCRA which added the jurisdictional time limit to such proceedings. Subsequent to those amendments our Supreme Court has stated unequivocally that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 223 (1999) (citation omitted). *See also Commonwealth v. Guthrie*, 749 A.2d 502, 503 (Pa.Super.2000) (citing *Fahy* and stating that "[e]ven within the PCRA, the time limits described in 42 Pa.C.S.[A.] § 9545 have been held to apply to ques-

tions raising the legality of sentence."). While cases decided since the adoption of the 1995 amendments continue to invoke the "legality of sentence can never be waived" language, *see, e.g., Commonwealth v. Davis,* 760 A.2d 406, 409 (Pa.Super.2000); *Commonwealth v. Hockenberry,* 455 Pa.Super. 626, 689 A.2d 283, 288 (1997), *appeal denied,* 548 Pa. 645, 695 A.2d 784 (1997), in light of *Fahy* and its progeny, which emphasize the jurisdictional nature of the PCRA time limits, cases such as *Davis* and *Hockenberry* may not accurately reflect current law.[7]

¶ 7 *Edrington,* as noted above, recognized this change in the law by noting that "jurisdictional requirements" had to be met to raise a challenge to the legality of sentence. *Id.,* at 723. That was clearly the import of *Edrington's* citation to *Fahy* after its citation to *Archer* as holding that a "legality of sentence issue must give way to jurisdictional time limits." *Edrington,* at 723.

¶ 8 Here, of course, there is no jurisdictional problem since this direct appeal from the judgment of sentence was timely perfected. Accordingly, since we could address the issue *sua sponte,* it matters not that the issue was raised on direct appeal in the context of a claim of ineffectiveness of counsel.

¶ 9 With these thoughts, I join the majority.

---

**7.** In my view, there is nothing inequitable or unjust in requiring that challenges to the legality of a sentence be raised within one year of the date that a defendant's conviction becomes final. Just as a defendant, through the exercise of due diligence, can ascertain if his or her attorney filed a requested appeal within one year of the date his or her conviction became final, *Commonwealth v. Carr,* 768 A.2d 1164, 1168 (Pa.Super.2001), a year is "sufficiently generous," *Commonwealth v. Zuniga,* 772 A.2d 1028, 1032 (Pa.Super.2001), to allow a defendant to determine if his or her sentence is illegal and to file a PCRA petition raising the issue.