COMMONWEALTH of Pennsylvania, Appellee,

v.

Anthony Richard SIMMONS, a/k/a Antoine Richard Simmons, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 20, 2003.

Filed March 19, 2004.

---

Richard J. Narvin, Pittsburgh, for appellant.

Michael W. Streily, Deputy Dist. Atty., Pittsburgh and Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

* Retired Justice assigned to the Superior Court.

1. 18 Pa.C.S.A. § 3925.

BEFORE: STEVENS, LALLY–GREEN, and MONTEMURO *, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Allegheny County following the revocation of Appellant's probation. On appeal, Appellant claims that the evidence was insufficient to sustain the revocation of probation, that he received ineffective assistance of counsel, and Appellant challenges the discretionary aspects of his sentence. We affirm.

¶ 2 On April 15, 1998, Appellant pleaded guilty to one count of receiving stolen property[1] and one count of criminal attempt,[2] and he was sentenced to a two-year term of probation. On February 8, 2002, following his conviction on unrelated criminal charges, Appellant's probation was revoked, and he was sentenced to a term of incarceration of six to twelve months to run consecutively to his sentence on the unrelated criminal charges. He was also sentenced to an additional term of two years probation following his incarceration. On December 13, 2002, Appellant's subsequent probation was revoked, and he was sentenced to a term of incarceration of eleven and one-half to twenty-three months. This timely appeal followed. The trial court ordered Appellant to file a statement pursuant to Pa. R.A.P. 1925(b), Appellant filed the required statement, and the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

¶ 3 Appellant claims that the evidence was insufficient to sustain the revocation of probation. In *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), the Pennsylvania Supreme Court held that appellants must file a Pennsylvania Rule of Appellate

2. 18 Pa.C.S.A. § 901(a).

Procedure 1925(b) statement when ordered to do so or the issues will be waived on appeal. In so holding, the Pennsylvania Supreme Court stated:

> The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process.

*Lord*, 553 Pa. at 417, 719 A.2d at 308.

¶ 4 "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. Thompson*, 778 A.2d 1215, 1223 (Pa.Super.2001) (quotation and quotation marks omitted). "When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." *In re Estate of Daubert*, 757 A.2d 962, 963 (Pa.Super.2000).

■ ¶ 5 Here, Appellant failed to raise his sufficiency of the evidence claim in his 1925(b) statement. As a result of this, the trial court did not address the claim in the 1925(a) opinion. Accordingly, we find this issue to be waived.

■ ¶ 6 Appellant next claims that he received ineffective assistance of counsel at his revocation hearing. This claim is dismissed without prejudice for Appellant to seek collateral review under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, in accordance with the Pennsylvania Supreme Court's opinion *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002).

■ ¶ 7 In *Grant*, the Supreme Court stated that, "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." [3] *Id.* at 67–68, 813 A.2d at 739. Appellant acknowledges that *Grant* applies to his case but argues that we should address his claim under the exception to *Grant* set forth in this Court's decision in *Commonwealth v. Salisbury*, 823 A.2d 914 (Pa.Super.2003). In *Salisbury*, the defendant was sentenced to a term of ninety-days of incarceration and we held that, because of the short duration of the sentence, the defendant would have no other opportunity to challenge his counsel's effectiveness. *Salisbury*, 823 A.2d at 916. Here, Appellant was sentenced to eleven and one-half to twenty-three months of incarceration and a subsequent term of probation. Thus, Appellant will have ample opportunity to challenge his counsel's effectiveness in a collateral attack. Accordingly, we find that the *Salisbury* exception does not apply to Appellant's ineffective assistance of counsel claim and the claim must be dismissed pursuant to *Grant*.[4]

---

3. We note that in *Grant*, the Pennsylvania Supreme Court noted that an exception to the general rule may be created when there has been a complete or constructive denial of counsel or that counsel has breached his or her duty of loyalty. *Grant*, at 67, 813 A.2d at 738 n. 14. However, this exception does not apply in the instant matter as Appellant has not alleged a complete or constructive denial of counsel.

4. We note that in *Commonwealth v. Watson*, 835 A.2d 786 (Pa.Super.2003), a panel of this Court held that a claim of ineffective assistance of trial counsel could be addressed on direct appeal where the trial court addressed the claim on the merits in its 1925(a) opinion after it determined "that the existing record [was] sufficiently developed for resolution of the claims." *Watson*, 835 A.2d at 794. Here, the trial court has failed to make .such a finding. Accordingly, we find that *Watson* does not apply. We further note that, as Appellant did not file a timely post-sentence motion alleging his ineffective assistance of

¶ 8 Appellant's last challenge is to the discretionary aspects of his sentence. While Appellant has included a statement pursuant to Pa.R.A.P. 2119(f) in his brief, he has failed to include his challenge to the discretionary aspects of his sentence in his Statement of Questions Involved as required by Pa.R.A.P. 2116(b). Further, Appellant has not included this claim in the argument section of his brief. Accordingly, we find Appellant's challenge to the discretionary aspects of his sentence to be waived. *See* Pa.R.A.P. 2116(b); *see also Commonwealth v. McMullen,* 745 A.2d 683, 689 (Pa.Super.2000) (finding issues waived where Appellant failed to develop any argument for the claims and noting that meaningful appellate review is impossible in such a situation) (*citing Commonwealth v. Irby,* 700 A.2d 463, 465 (Pa.Super.1997)); *Commonwealth v. Miller,* 721 A.2d 1121, 1124 (Pa.Super.1998) (finding issues waived where the Appellant deviated from the Rules of Appellate Procedure by failing to develop the argument in any fashion).

¶ 9 For all of the foregoing reasons, we affirm the trial court's judgment of sentence.

¶ 10 Affirmed.

counsel claim, the exception to *Grant* enunciated in *Commonwealth v. Bomar,* 573 Pa. 426, 826 A.2d 831 (2003), does not apply. Lastly we note that the exception enunciated in *Commonwealth v. Causey,* 833 A.2d 165 (Pa.Super.2003), does not apply as the evidentiary record is not complete and the trial court has not drafted an opinion addressing the claim.