**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Ricky L. BEEMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 5, 2004.

Filed April 1, 2004.

William R. Carroll, Public Defender, Somerset, for appellant.

George B. Kaufmann, Asst. Dist. Atty., and William T. Cline, Asst. Dist. Atty., Somerset, for Com., appellee.

BEFORE: LALLY–GREEN, MONTEMURO * and JOHNSON, JJ.

OPINION BY MONTEMURO, J.:

¶ 1 This is an appeal from the judgment of sentence of 6 to 23 months' imprisonment entered May 8, 2003, in the Somerset County Court of Common Pleas following Appellant's jury conviction of recklessly endangering another person and bench conviction of summary harassment.

¶ 2 Appellant raises two claims on appeal, both asserting trial counsel's ineffectiveness: one, for failing to question potential jurors regarding their membership in volunteer fire departments; and two, for failing to object to the prosecutor's closing statement. Generally, we dismiss ineffectiveness claims on direct appeal pursuant to the Supreme Court's recent decision in *Commonwealth v. Grant*, 572 Pa. 48, 813

* Retired Justice assigned to Superior Court.

A.2d 726 (2002), so that the claims may be pursued in a petition for collateral relief. However, we decline to do so here.

¶ 3 Appellant's 23-month sentence was imposed on May 8, 2003. In addition, he received 34 days credit for time served. Therefore, his sentence will expire in less than one year. Because of the short duration of Appellant's sentence, we fear that any further delay might very well preclude collateral review. Therefore, we find that an exception to *Grant* applies. *See Commonwealth v. Randal,* 837 A.2d 1211, 1213 n. 4 (Pa.Super.2003) (*en banc*) (holding short duration of sentence precluded dismissal under *Grant* when appellant was sentenced in October 2000 to 30 days to 2 years less one day, followed by 2 years' probation and decision was filed in December, 2003); *Commonwealth v. Salisbury,* 823 A.2d 914 (Pa.Super.2003) (same for sentence of 90 days' imprisonment).

¶ 4 Because counsel here has asserted his own ineffectiveness, we direct the trial court to appoint new counsel within 10 days of the date of this Opinion, and thereafter conduct an evidentiary hearing on Appellant's ineffectiveness claims within 30 days. The trial court shall then file its Opinion, either granting or denying relief, within 20 days of the date of the hearing.[2] The parties may then file supplemental briefs as necessary.

¶ 5 Case remanded for appointment of counsel and evidentiary hearing consistent with this Opinion. Panel jurisdiction retained.

---

**2.** Although Appellant raised these same challenges in his Pa.R.A.P. 1925(b) Statement, the trial court, relying on *Grant,* declined to address either claim on its merits.