Joseph M. Devecka, State College, for appellant.

BEFORE: LALLY–GREEN, DANIELS and JOHNSON, JJ.

OPINION BY DANIELS, J.:

¶ 1 This appeal arises following a bench trial in which Appellant was found guilty of the summary offense of harassment, and was sentenced to pay court costs in the amount of $141.53, and a fine of $100.00. For the following reasons, we affirm.

**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Elwood Eugene STRAUB, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 29, 2007.

Filed Nov. 9, 2007.

### FACTS AND PROCEDURAL HISTORY

¶ 2 On June 19, 2006, an encounter occurred between Appellant and Foster Wray, Jr., a road repair crew supervisor in Jackson Township, Snyder County, Penn-

---

sylvania. Appellant was charged with harassment and a summary hearing was held before a District Court Magistrate on September 13, 2006. The Magistrate found Appellant guilty as charged, and Appellant appealed, through the summary disposition process, to the Court of Common Pleas of Snyder County, where a summary appeal hearing was held on November 13, 2006.

¶ 3 The summary appeal court (hereinafter "lower court") deemed the matter to be one of "a classic credibility determination" and concluded that the testimony of both Trooper Monroig, who investigated the incident, and Foster Wray, Jr. was credible, while the testimony of Appellant was not. Lower Court 1925(a) Opinion, 1/17/07, p. 2. In his appeal, Appellant alleges three instances of ineffective assistance of his trial counsel, all having to do with his trial counsel's failure to offer into evidence medical records and testimony that would, according to Appellant, have bolstered his (Appellant's) credibility at the summary appeal hearing, where he testified that he was not the aggressor in the encounter. Appellant's Brief, pp. 5–6.

¶ 4 The lower court declined to address Appellant's ineffective assistance of counsel claims on post-sentencing motion for the following reasons. First, the lower court relied upon *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), in which the Supreme Court of Pennsylvania held that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review" through PCRA procedures. *Grant*, 572 Pa. at 67, 813 A.2d at 738. Moreover, Appellant was neither incarcerated nor sentenced to probation; thus, the lower court noted that the PCRA did not provide

him with the jurisdictional avenue by which Appellant could raise his ineffective assistance of trial counsel claims. Lower Court 1925(a) Opinion, 1/17/07, pp. 1–2. The lower court also opined that because "there are no Post–Sentence Motions in summary appeals following a trial *de novo* in the Court of Common Pleas", as per Pa.R.Crim.P. 720(D), it could not consider Appellant's claims of ineffective assistance of counsel as a matter of direct appeal in any event. Lower Court 1925(a) Opinion, 1/17/07, p. 2.

¶ 5 The lower court next considered this Court's decision in *Commonwealth v. Salisbury*, 823 A.2d 914 (Pa.Super.2003), which held that this Court may consider ineffective assistance of counsel claims *de novo* on direct appeal (rather than on collateral PCRA review) if the brevity of a petitioner's sentence (as imposed by a lower court) will preclude effective collateral review.[1] Thus, the lower court concluded that since it could not review Appellant's claims of ineffective assistance of counsel as a post-sentencing matter due to the rules of summary appeal and because Appellant was not eligible for PCRA recourse, this Court was best positioned to undertake such a review of any appeal.

¶ 6 This Appeal followed, in which Appellant asserts the following two assignments of error in this Appeal:

1. Is the trial court wrong in [suggesting] that this Honorable Court apply *Salisbury* to this appeal?
2. Does the application of *Grant* to the instant appeal render this case an exception to the mootness principle?

Appellant's Brief, p. 4.

### DISCUSSION

¶ 7 In his first assignment of error, Appellant asserts that the trial court erred in

---

**1.** Implicit in our discussion of the caselaw on the "short sentence" exception to the rule in *Grant* is and *a fortiorari* argument regarding

the facts of this case where there was only a monetary fine, and no prison sentence at all.

its suggestion that this Court apply the *Salisbury* case in the determination of the merits of his ineffective assistance of counsel claims on post-sentence direct appeal. Preliminarily, it should be noted that Appellant is quite correct in his assertion that *O'Berg* expressed disapproval of *Salisbury*, as follows:

> Accordingly, we believe the best course of action is to reaffirm our decision in Grant and reiterate that, as a general rule, claims of ineffective assistance of counsel will not be entertained on direct appeal. Moreover, *we take this opportunity* to *disapprove of any decisions* of the *Superior Court* that are to the *contrary*. For these reasons, we do not *believe there is* a *need* to *create* a *"short sentence" exception* to the *general* rule *announced* in *Grant*. Indeed, we fear doing so would undermine the very reasons that led to our decision in Grant in the first instance.

*O'Berg*, 584 Pa. at 20, 880 A.2d at 602. (Emphasis Added).

¶ 8 However, we nevertheless conclude that the ultimate decision by the Supreme Court of Pennsylvania in *O'Berg* precludes the relief that Appellant presently seeks in any event. In his concurring opinion in *O'Berg*, Justice Castille explored in depth the question of whether or not claims of ineffective assistance of counsel may be expanded for consideration on direct appeal, beyond the traditional collateral review under the PCRA, and ultimately concluded that:

> "[t]his Court should not expand the scope of post-verdict motions and direct review, so as to subvert the PCRA and allow for pre-litigation of claims that cannot be raised under the PCRA".

*O'Berg*, at 880 A.2d 604.

¶ 9 Justice Castille further emphasized the distinction between petitioners who remain in the custody or control of the state and those who are subject to either short sentences of incarceration, or no incarceration at all. In that regard, Justice Castille suggested that the General Assembly intended to limit claims of ineffective assistance of counsel, a "quintessentially" collateral claim, to those who remained subject to the Commonwealth's control or custody and had actual restraints on their freedom imposed upon them. *Id.* At the same time, Justice Castille observed that:

> There is nothing unreasonable, unwise, or unconstitutional with such a construct. A criminal conviction is not deemed infirm simply because the defendant is not afforded multiple opportunities to set it aside or, at a minimum, one guaranteed opportunity to blame his presumptively competent lawyer for his conviction. . . . In a world of overburdened courts and overtaxed governmental coffers, it is perfectly rational to deny *habeas corpus*/collateral claim review to petitioners whose "bodies" the state no longer "has"—even if it means they lose the chance to raise any and all complaints they may have about their trial lawyers.

*Id.* at 880 A.2d 604.

Justice Castille concluded:

> I do not believe that this Court is remotely obliged to permit any criminal defendant-no sentence, short sentence, long sentence, capital sentence-to raise collateral claims, such as ineffective assistance of trial counsel, as a matter of right upon post-trial motions.

*Id.* at 880 A.2d 605.

¶ 10 In light of the *O'Berg* majority's express disapproval of the jurisprudential "short sentence" exception to *Grant*, and particularly in light of Justice Castille's cogent, thoughtful and well-reasoned concurring opinion in *O'Berg*, we conclude that, in the case at Bar, Appellant's claims

of ineffective assistance of counsel may not be reviewed on direct appeal before this Court. Accordingly, this assignment of error is without merit.

¶ 11 Appellant's second assignment of error urges this Court to create an exception to the mootness doctrine, asserting that:

> The summary class of cases often does not require incarceration or probation, but often will, as the instant case, only result in payment of a fine and costs.... [Such a result] is capable of repetition yet likely [to] evade review, where the case involves issues important to the public interest or where a party will suffer some detriment without the courts' decision.

Appellant's Brief, pp. 8–9.

¶ 12 Appellant's argument challenges the reasoning of Justice Castille in his concurring opinion in *O'Berg*. Although it is true that petitioners not eligible for PCRA relief will be forever precluded from any post-verdict or direct appellate review of any claims of ineffective assistance of counsel, the Supreme Court of Pennsylvania has not yet specifically addressed this precise issue. For the present, however, it is abundantly clear that the policy concerns expressed in *O'Berg* will not sanction an exception to the mootness doctrine under the facts and circumstances of the instant matter. For, to do so would create another avenue for expansion of the scope of post-verdict motions and direct review, so as to subvert the PCRA process and sanction the direct appeal of claims that cannot ever be raised under the PCRA. This we decline to do, particularly in view of the policy concerns expressed by the Supreme Court of Pennsylvania in the *O'Berg* case. Consequently, this assignment of error also lacks merit.

¶ 13 Judgment of Sentence affirmed.

¶ 14 LALLY–GREEN, J. CONCURS IN THE RESULT.