J. S36039/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM MATHUES, | : | No. 3193 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, September 13, 2016,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0003397-2015

BEFORE: PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JUNE 15, 2017**

William Mathues appeals from the September 13, 2016 aggregate judgment of sentence of 3 to 7 years' imprisonment imposed after a jury found him guilty of three counts of aggravated assault, one count of resisting arrest, and one count of manufacturing a controlled substance.[1] Contemporaneously with this appeal, counsel has requested leave to withdraw in accordance with ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and their progeny. After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

---

[1] 18 Pa.C.S.A. §§ 2702(a)(3), 5104, and 35 P.S. § 780-113(a)(30), respectively.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows. On August 17, 2015, three members of the West Chester Police Department -- Corporal James Gorman, Sergeant Jeffrey Dietz, and Patrolman Dave Frantz (collectively, "the officers") -- were dispatched to the residence of Kathleen Kozlowsky after she reported that appellant was outside her residence. (Notes of testimony, 5/16/16 at 64-66, 85-86.) Kozlowsky had a protection from abuse order against appellant that prohibited him from contacting her. (**Id.** at 65, 86.) The officers attempted to take appellant into custody, and an altercation ensued which ultimately resulted in Corporal Gorman tasing appellant multiple times. (**Id.** at 66-70.) During the course of this altercation, appellant kicked Sergeant Dietz in the groin and continued to kick and spit at the officers while on the ground. (**Id.** at 66-68, 89-91.)

Appellant was subsequently arrested and charged with resisting arrest, manufacturing a controlled substance, false imprisonment, and three counts of aggravated assault. On May 16, 2016, appellant proceeded to a jury trial and was found guilty of all the aforementioned offenses except false imprisonment. As noted, appellant was sentenced on September 13, 2016, to an aggregate term of 3 to 7 years' imprisonment. Appellant did not file any post-sentence motions. On October 11, 2016, appellant filed a timely notice of appeal. That same day, the trial court directed appellant to file a concise statement of errors complained of on appeal, in accordance with

Pa.R.A.P. 1925(b). In lieu of a Rule 1925(b) statement, counsel[2] filed a statement of her intention to file an **Anders**/**McClendon** brief, in accordance with Rule 1925(c)(4), on October 31, 2016. On November 1, 2016, the trial court filed a Rule 1925(a) statement in lieu of an opinion. Thereafter, on March 10, 2017, appellant's counsel filed a petition and brief to withdraw from representation. Appellant did not respond to counsel's petition to withdraw.

In her **Anders** brief, counsel raises the following issues on appellant's behalf:

> I.  Should the charges have been dismissed with prejudice due to allegations of impersonation of police officers and prosecutorial misconduct?
>
> II. Should the charges have been dismissed due to ineffective assistance of counsel?

**Anders** brief at 2.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa.Super. 2010) (citation omitted). In order to withdraw pursuant to **Anders**, "counsel must file a brief that meets the requirements established by our Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009)." **Commonwealth v. Harden**, 103 A.3d 107, 110 (Pa.Super. 2014)

---

[2] At all pertinent times in this case, appellant was represented by Kelly A. Thompson, Esq.

(parallel citation omitted). Specifically, counsel's **Anders** brief must comply with the following requisites:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** (citation omitted).

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the **Anders** brief to his client." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa.Super. 2014) (internal quotation marks and citation omitted). The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed **pro se** on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Id.** "Once counsel has satisfied the above requirements, it is then this [c]ourt's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly

frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa.Super. 2007) (***en banc***) (citation and internal quotation marks omitted).

Instantly, we conclude that counsel has satisfied the technical requirements of ***Anders*** and ***Santiago***. Counsel has identified the pertinent factual and procedural history and made citation to the record. Counsel has also raised two claims that could arguably support an appeal, but ultimately concludes that the appeal is wholly frivolous. Counsel has also attached to her petition a letter to appellant, which meets the notice requirements of ***Millisock***. Accordingly, we proceed to conduct an independent review of the record to determine whether this appeal is wholly frivolous.

Appellant first contends that his charges should have been dismissed because the Commonwealth committed prosecutorial misconduct and the individuals who testified at trial were impersonating the police officers who arrested him on the day in question. (***Anders*** brief at 7-8.) The record reflects that appellant failed to raise either of these claims at trial or in a post-sentence motion. Accordingly, we agree with counsel that these claims are waived. ***See*** Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

Appellant also argues that his counsel rendered ineffective assistance during the jury trial. (***Anders*** brief at 8-9.) "[A]s a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." ***Commonwealth v. Straub***, 936 A.2d 1081, 1082

(Pa.Super. 2007) (citation and internal quotation marks omitted), **appeal denied**, 963 A.2d 470 (Pa. 2007). Consequently, we deny appellant's relief on this claim, without prejudice for appellant to assert his ineffectiveness claim in a timely petition for relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546.

Based on the foregoing, we agree with counsel's assessment that this appeal is wholly frivolous and that appellant is entitled to no relief on his claims. After our own independent review of the record, we discern no additional issues of arguable merit. Accordingly, we grant counsel's petition to withdraw and affirm the September 13, 2016 judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2017