J-S83042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GUPREE WHITE | : | |
| | : | |
| Appellant | : | No. 1669 EDA 2017 |

Appeal from the Order January 27, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0004033-2015

BEFORE:  GANTMAN, P.J., OLSON, J., and DUBOW, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED FEBRUARY 06, 2018**

Appellant, Gupree White, appeals from the order entered in the Chester County Court of Common Pleas, which classified Appellant as a sexually violent predator ("SVP") pursuant to 42 Pa.C.S.A. § 9799.24.  On November 13, 2015, the Commonwealth charged Appellant with statutory sexual assault, corruption of minors, and related offenses, in connection with an incident between Appellant and a fifteen-year-old female.  Appellant entered a negotiated guilty plea to corruption of minors on April 22, 2016. The same day, the court ordered Appellant to undergo assessment with the Sexual Offender Assessment Board ("SOAB").  After a hearing, the court imposed SVP status on Appellant on January 27, 2017.  On February 17, 2017, Appellant filed a *nunc pro tunc* motion for reconsideration of the imposition of SVP status.  The court denied relief on April 25, 2017.

Appellant timely filed a notice of appeal on May 25, 2017. On May 26, 2017, the court ordered Appellant to file a Rule 1925(b) statement, and Appellant timely complied on June 16, 2017.

"[C]hallenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by this Court. An illegal sentence must be vacated." ***Commonwealth v. Randal***, 837 A.2d 1211, 1214 (Pa.Super. 2003) (*en banc*). Recently, the Pennsylvania Supreme Court held that the registration requirements under SORNA constitute criminal punishment. ***Commonwealth v. Muniz***, ___ Pa. ___, 164 A.3d 1189 (2017). In light of ***Muniz***, this Court held: "[U]nder ***Apprendi***[1] and ***Alleyne***[2], a factual finding, such as whether a defendant has a mental abnormality or personality disorder that makes him…likely to engage in predatory sexually violent offenses, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder." ***Commonwealth v. Butler***, 173 A.3d 1212, 1217 (Pa.Super. 2017) (internal quotations and citations omitted). This Court further held: "Section 9799.24(e)(3) of SORNA violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-

---

[1] ***Apprendi v. New Jersey***, 530 U.S. 466, 120 S.Ct. 466, 147 L.Ed.2d 435 (2000).

[2] ***Alleyne v. United States***, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

finder making the necessary factual findings beyond a reasonable doubt." *Id.* at 1218. The **Butler** Court concluded that trial courts can no longer designate convicted defendants as SVPs or hold SVP hearings, "until [the] General Assembly enacts a constitutional designation mechanism." *Id.*

Instantly, Appellant entered a negotiated guilty plea to corruption of minors, and the court imposed SVP status on January 27, 2017. Appellant filed a *nunc pro tunc* motion for reconsideration of the SVP designation, and the court denied relief on April 25, 2017. On appeal, Appellant challenges only the court's imposition of SVP status. While Appellant's appeal was pending, this Court decided **Butler** on October 31, 2017, which deemed unconstitutional the current mechanism for imposition of SVP status used in the present case and stated trial courts cannot impose SVP status in that manner. *See Butler, supra*. In light of **Muniz** and **Butler**, Appellant's SVP status constitutes an illegal sentence, which we can review *sua sponte*. Therefore, we vacate Appellant's SVP status and remand to the trial court to issue a revised notice to Appellant pursuant to 42 Pa.C.S.A. § 9799.23 (governing reporting requirements for sex offenders).

Order vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/6/18</u>