J-S01020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINIC J. FLEMISTER | : | |
| | : | |
| Appellant | : | No. 946 MDA 2021 |

Appeal from the PCRA Order Entered June 17, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002037-2015

BEFORE: BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:          **FILED: MAY 16, 2022**

Dominic J. Flemister (Appellant) appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] After review, under the circumstances presented herein, we remand with instructions and retain jurisdiction.

Briefly, we note that after a jury trial, Appellant was found guilty of attempted murder of the first degree, aggravated assault, and firearms not to be carried without a license[2] in connection with the shooting of Rodney Dunbar. On September 17, 2015, the trial court sentenced Appellant to a term of twenty to forty years of incarceration for attempted murder, a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 901(a), 2702(a)(1), and 6106(a)(1), respectively.

concurrent term of nine to eighteen years of incarceration for aggravated assault, and a concurrent term of three to seven years of incarceration for the firearms offense. *Id.* at 6.

After this Court affirmed Appellant's judgment of sentence on September 8, 2016, Appellant filed a timely first PCRA petition. After numerous extensions, amended PCRA petitions, and substitutions of counsel, the PCRA court dismissed Appellant's PCRA petition on June 17, 2021. Appellant filed a timely appeal on July 15, 2021, and Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Prior to addressing the issues raised on appeal, we note the possibility that Appellant is serving an illegal sentence.[3] As noted above, Appellant was convicted of both attempted murder and aggravated assault, and the trial court sentenced Appellant on each conviction. It appears these crimes were based on the single act of Appellant shooting Mr. Dunbar. Our Supreme Court has held that the single criminal act of shooting and critically injuring a person does not support sentences for both attempted murder and aggravated assault. **Commonwealth v. Anderson**, 650 A.2d 20, 24 (Pa. 1994). Aggravated assault is a lesser included offense of attempted murder, and these crimes merge for purposes of sentencing. **Id.** (citing 18 Pa.C.S. §§ 901(a), 2502(a), 2702(a)(1)).

---

[3] Where jurisdiction is proper in this Court, the legality of a sentence is not subject to waiver, and it may be raised *sua sponte*. **See Commonwealth v. DiMatteo**, 177 A.3d 182, 192 (Pa. 2018); **see also Commonwealth v. Randal**, 837 A.2d 1211, 1214 (Pa. Super. 2003).

Nevertheless, we are cognizant that the sentences would not merge where there were separate criminal acts underlying each charge. *See Commonwealth v. Wesley*, 860 A.2d 585 (Pa. Super. 2004). However, such circumstances are neither argued in Appellant's brief nor readily apparent from the certified record.

We point out that when Appellant filed his direct appeal, he included a request for the notes of testimony from the trial and sentencing. *See* Notice of Appeal, 11/4/15 (docketed at 1951 MDA 2015). However, in the instant appeal, the certified record contains only an excerpt from the sentencing hearing and portions of the trial excluding the parties' closings. Indeed, the trial court's charge to the jury addresses only the single act of Appellant shooting Mr. Dunbar, *see* N.T., 8/19-20/15, at 148-151, and the notes of testimony from Appellant's sentencing hearing include an excerpt of only six pages. *See* N.T., 9/17/15, at 1-6. This excerpt does not provide the imposition of sentence and there is no discussion regarding merger. *See id.*

It is apparent that in Appellant's direct appeal, he filed a Reproduced Record (RR) in our Court. In the RR, as in the record in the current appeal, the closing arguments are not included in the notes of testimony. However, the RR contains a lengthier sentencing transcript. Unfortunately, even in the more complete sentencing transcript from the RR, there is no mention of merger, only a reference to a "prior altercation." *See* RR from direct appeal (1951 MDA 2015), at 178. As such, even the expanded transcripts in the earlier RR do not answer specifically the question concerning merger.

Given the state of the current record, were we to merely remand for completion of the certified record, we may receive only another copy of the same truncated transcripts which we have already received and waste more valuable time. Moreover, even if we receive the more complete transcript that was included in the prior RR, it will likely not answer the merger question, because, as noted, even the RR does not discuss merger.

Conversely, remanding this matter to the PCRA court to address the deficiencies and possible errors in the record allows this Court to obtain the PCRA court's findings and conclusions in a supplemental opinion and supplemental record. We also gain the benefit of argument from the parties in supplemental briefs. Simply stated, remand allows this Court to obtain more information in a more efficient and expedient manner than merely requesting the existing transcripts.

Accordingly, we remand this matter to the PCRA court with instructions. The PCRA court shall address the state of the record and determine whether the record explains the sentence, and the PCRA court shall answer the merger question. The PCRA court will make this determination, supplement the record, and make its findings in a supplemental opinion. Thereafter, the parties shall file supplemental briefs addressing the legality of sentencing issue. Once the record is supplemented, the supplemental opinion is filed, and the parties filed their supplemental briefs, this Court will address Appellant's current PCRA appeal and address the merger issue.

In conclusion, were we able to discern with certainty that the sentences should have merged, we would correct the sentence or remand for resentencing as part of our disposition of the instant appeal. *See Randal*, 837 A.2d at 1214. However, we are unable to make this determination. Therefore, we remand this matter to the PCRA court to address the state of the record, the legality of Appellant's sentence, and file a supplemental opinion[4] within thirty days and supplement the record if necessary. Appellant shall have twenty-one days from the date the supplemental opinion is filed to file a supplemental brief. Thereafter, the Commonwealth shall have twenty-one days in which to file a response.

Case remanded with instructions. Jurisdiction retained.

Judge Colins joins the memorandum.

Judge Bowes files a dissenting memorandum.

---

[4] If the PCRA court finds that the sentences should have merged, it shall note this in the supplemental opinion but not vacate or resentence Appellant as we retain jurisdiction.