J. S54043/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TROY BROADUS, | : | |
| | : | |
| Appellant | : | No. 893 EDA 2015 |

Appeal from the PCRA Order March 12, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division No(s).: CP-46-CR-0007849-2010

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED FEBRUARY 29, 2016**

Appellant, Troy Broadus, appeals *pro se* from the order entered in the Montgomery County Court of Common Pleas dismissing his first, timely-filed Post Conviction Relief Act[1] ("PCRA") petition. He argues, *inter alia*, his sentence under 18 Pa.C.S. § 7508, which imposes mandatory minimum sentences for possessing certain weights of drugs, is illegal under 42 Pa.C.S. § 9756, which provides a minimum sentence should not exceed one-half of the maximum sentence. We vacate the judgment of sentence and remand for resentencing.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

On October 8, 2013, Appellant entered negotiated guilty pleas to two counts of possessing a controlled substance with intent to deliver.[2] He admitted to, *inter alia*, selling approximately 28 grams of cocaine and 111 grams of cocaine to undercover officers on separate occasions. N.T., 10/8/13, at 10. The court immediately imposed the following negotiated sentences on each count, to run concurrently: (1) three to six years' imprisonment, and (2) seven to ten years' imprisonment. For both sentences, the court applied the mandatory sentence provisions of 18 Pa.C.S. § 7508.

Appellant did not file a post-sentence motion or a direct appeal. On September 25, 2014,[3] he filed a *pro se*, timely PCRA petition arguing, *inter alia*, his mandatory minimum sentence was unconstitutional under **Alleyne v. United States**, 133 S. Ct. 2151 (2013). Appellant's PCRA Pet., 9/25/14, at 2 (unpaginated). The PCRA court appointed Patrick J. McMenamin, Jr., Esq. ("Counsel") to represent Appellant. Counsel then filed a "no merit" **Finley**[4] letter to withdraw from representation. On February 13, 2015, the court granted Counsel's petition to withdraw and issued a Pa.R.Crim.P. 907

---

[2] 35 P.S. § 780-113(a)(30).

[3] The petition was postmarked this date. **See generally Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (discussing prisoner mailbox rule).

[4] **See Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

notice of intent to dismiss Appellant's petition without a hearing. In response to the notice, Appellant filed a *pro se* letter, arguing only that his sentence was illegal because the minimum sentence exceeded one-half of the maximum. The court dismissed the PCRA petition on March 13, 2015, and Appellant filed a timely *pro se* notice of appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal.

The argument section in Appellant's *pro se* brief, one and a half pages in length, is not entirely clear and short in discussion.[5] Nevertheless, we discern that one of Appellant's claims is that his sentence of seven to ten years is illegal because the minimum exceeds one-half the maximum. His sole argument is, "Essentially, the court paid lip service to the requirement of the statute 9756(b) and stated 7508 that this case of **Hockenberry** was different circumstances of how both petitioners argued their cases."[6] ***Id.*** at 8. We conclude he is entitled to relief.

---

[5] **See** Pa.R.A.P. 2119(a) (requiring argument section to include "discussion and citation of authorities as are deemed pertinent"); **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) (holding claim is waived where appellate brief fails to provide any discussion with citation to relevant authority or fails to develop issue in any meaningful fashion capable of review).

[6] In **Commonwealth v. Hockenberry**, 689 A.2d 283 (Pa. Super. 1997), the defendant, like Appellant in the case *sub judice*, received a sentence of seven to ten years' imprisonment pursuant to the mandatory minimum sentencing provisions of 18 Pa.C.S. § 7508(a). **See Hockenberry**, 689 A.2d at 287. On appeal, the defendant "contend[ed] his sentence [was] in

Initially, Appellant's claim goes to the legality of sentence, *see Hockenberry*, 689 A.2d at 288, and is therefore not waived. *See Commonwealth v. Concordia*, 97 A.3d 366, 372 (Pa. Super. 2014) ("[W]hile challenges to the legality of a defendant's sentence cannot be waived, they ordinarily must be raised within a timely PCRA petition."); *Commonwealth v. Randal*, 837 A.2d 1211, 1214 (Pa. Super. 2003) (noting, "challenges to '[a]n illegal sentence can never be waived and may be reviewed *sua sponte* by this Court.' 'An illegal sentence must be vacated.'" (citations omitted)). "Issues relating to the legality of a sentence are questions of law[.] . . . Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Cardwell*, 105 A.3d 748, 750 (Pa. Super. 2014) (citation omitted), *appeal denied*, 121 A.3d 494 (Pa. Aug. 12, 2015).

On June 17, 2013, the United States Supreme Court decided *Alleyne*. The *Ruiz* Court summarized the *Alleyne* holding as follows:

> In *Alleyne*, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." In applying that mandate, an *en banc* panel of this Court, in

---

violation of 42 Pa.C.S. § 9756(b), which provides that the court 'shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed.'" *Id.* at 289. This Court construed the defendant's claim as a challenge to the legality of his sentence, *id.* at 288, and denied relief, reasoning Section 7508 crafted an exception to Section 9756. *Id.* at 289.

> ***Commonwealth v. Newman***, ***supra***, 99 A.3d 86 (Pa.
> Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa.
> 2015), held that ***Alleyne*** rendered the mandatory
> minimum sentencing provision at 42 Pa.C.S. § 9712.1 . . .
> unconstitutional.
>
> *     *     *
>
> We note the ***Newman*** Court instructed that ***Alleyne***
> applies only to cases pending on direct appeal as of June
> 27, 2013, the date of the ***Alleyne*** decision.

***Commonwealth v. Ruiz***, \_\_\_ A.3d \_\_\_, 2015 WL 9632089, at \*2-\*3 (Pa.

Super. Dec. 30, 2015) (citations omitted).  "The ***Newman*** Court also made

clear that an ***Alleyne*** claim is a non-waivable challenge to the legality of

sentence.  Such a claim may be raised on direct appeal, **or** in a timely filed

PCRA petition."  ***Id.*** at \*5 (citations and footnote omitted).  In ***Ruiz***, the

defendant was sentenced on June 5, 2013, and because he did not file a

direct appeal, his judgment of sentence became final on July 5, 2013, after

***Alleyne*** was decided.  "As such, Ruiz's case 'was still pending on direct

appeal when ***Alleyne*** was handed down, and the decision may be applied to

[Ruiz's] case retroactively.'"  ***Id.*** at \*4 (citations omitted).  On November

25, 2014, in ***Cardwell***, this Court held Section 7508 was facially

unconstitutional in its entirety under ***Alleyne***.  ***See Cardwell***, 105 A.3d at

754.  "If no statutory authorization exists for a particular sentence, that

sentence is illegal and subject to correction."  ***Randal***, 837 A.2d at 1214.

As noted above, on October 8, 2013, several months after ***Alleyne***

was decided, the court sentenced Appellant.  Appellant did not file a direct

appeal, but did file a timely PCRA petition invoking *Alleyne*. *Cf. Ruiz*, ___ A.3d at ___, 2015 WL 9632089 at \*5. Subsequently, the *Cardwell* Court invalidated Section 7508—the section Appellant was sentenced under—as unconstitutional. *See Cardwell*, 105 A.3d at 754. Because Appellant filed a timely PCRA petition invoking *Alleyne*, and because the statute under which he was sentenced was deemed unconstitutional, we conclude he is entitled to relief. *See Ruiz*, ___ A.3d at ___, 2015 WL 9632089 at \*5; *Cardwell*, 105 A.3d at 754. Accordingly, we reverse the order dismissing Appellant's PCRA petition, vacate Appellant's judgment of sentence, and remand for resentencing.

Order reversed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Panella, J., joins this memorandum.

Bowes, J., concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/29/2016