J-S74040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| GIOVANNI ORTIZ-CLAUDIO | |
| Appellant | No. 3 EDA 2017 |

Appeal from the PCRA Order November 22, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0001392-2008

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                **FILED FEBRUARY 12, 2018**

Appellant, Giovanni Ortiz-Claudio, appeals from the order entered November 22, 2016, denying as untimely his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Additionally, appointed counsel, Stuart Wilder, Esq., has filed an application to withdraw along with a letter of no merit pursuant to **Turner/Finley**.[1]  We affirm, and grant counsel's motion to withdraw.

We adopt the following statement of facts from the PCRA court opinion, which in turn is supported by the record.  **See** PCRA Court Op. (PCO), 7/10/2017, at 1-5.  Following a May 2008 bench trial, the court found

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant guilty of firearms not to be carried without a license, possession with intent to deliver (PWID), simple possession, possession of drug paraphernalia, and resisting arrest.[2]  In August 2008, Appellant was sentenced to five to ten years of incarceration on the firearms charge and a concurrent sentence of four to eight years of incarceration on the PWID charge.

Appellant timely appealed and, his judgment of sentence was affirmed.[3] **See Commonwealth v. Ortiz-Claudio**, 26 A.3d 1194 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 24 A.3d 863 (Pa. 2011).  He did not seek certiorari with the United States Supreme Court.  Accordingly, for purposes of the PCRA, his sentence became final on October 17, 2011.[4]

On August 12, 2016, Appellant filed a counseled motion seeking to vacate his sentence and remand for resentencing, averring that the five to ten year sentence was illegal.  Appellant averred that firearms not to be carried without a license, a felony of the third degree, carried a statutory maximum

---

[2] **See** 18 Pa.C.S. § 6106(a)(1); 35 P.S. §§ 780-113(a)(30), (16), and (32); 18 Pa.C.S. § 5104, respectively.

[3] Appellant did not challenge the legality of his sentence on direct appeal. **See Ortiz-Claudio**, 26 A.3d 1194, at *4.

[4] Appellant's judgment of sentence became final on October 17, 2011, at the expiration of the ninety-day time period for seeking review with the United States Supreme Court.  **See** 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); **Commonwealth v. Owens**, 718 A.2d 330, 331 (Pa. Super. 1998) (noting that Sup.Ct.R. 13 grants an Appellant ninety days to seek review with the United States Supreme Court).  Thus, Appellant had until October 17, 2012, to file a timely PCRA petition.

of seven years. *See* 18 Pa.C.S. §§ 6106(a)(1), 1103(3). In response, the Commonwealth argued that Appellant's request was subsumed by the PCRA, and that the petition was time-barred.

Following an examination of the record, the PCRA court sent Appellant notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant filed a response, arguing that a challenge to the legality of the sentence may never be waived. Following a hearing, the court dismissed Appellant's petition as untimely and not subject to the time bar exceptions. The court allowed counsel to withdraw but appointed new counsel to assist Appellant in perfecting his appeal.

In response to the court's Pa.R.A.P. 1925(b) order, counsel filed a statement of intent to file an *Anders*[5] brief in this Court. The court issued a responsive opinion, finding all of Appellant's issues waived for failure to preserve them in his Pa.R.A.P. 1925(b) statement.

In August 2017, counsel filed an application to withdraw with this Court, attaching his *Turner/Finley* "no merit" letter with proof of notice to Appellant that he had the right to proceed *pro se* or retain private counsel. Appellant did not file a response.

Before we may review the merits of Appellant's claims, we must determine if counsel has satisfied the requirements to be permitted to withdraw from further representation. *Turner/Finley* requires an

---

[5] *See Anders v. California*, 87 S. Ct. 1936 (1967); *Commonwealth v. Santiago,* 978 A.2d 349 (Pa. 2009).

independent review of the record by competent counsel before a PCRA court or this Court may authorize an attorney's withdrawal. *See Commonwealth v. Freeland*, 106 A.3d 768, 774 (Pa. Super. 2014). "The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless." *Id.* The reviewing court must then conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. *Id.* On appeal from the denial of a PCRA, counsel is required to "contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed pro se or with a privately retained attorney." *Id.*

Here, we find that counsel has substantially complied with the requirements of *Turner/Finley* and their progeny, detailing his review of the record and conclusion that Appellant's sole claim is meritless. Counsel also notified Appellant, furnished him with a copy of this letter, and advised him of his right to proceed *pro se* or to retain private counsel. Attorney Wilder additionally offered to assist Appellant in filing any response he wished to make. Accordingly, we will grant counsel's application to withdraw.

Next, we proceed to our independent review of Appellant's claims. Attorney Wilder notes Appellant's sole issue, "a real grievance," namely, that his sentence of five to ten years exceeds the statutory maximum of seven years for a felony of the third degree. *See Turner/Finley* Letter, at 3.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***See Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007).

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. ***Id***. There are three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); ***see Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000).

Appellant's petition is untimely.[6]  In the lower court, Appellant argued that a challenge to an illegal sentence may not be waived.  **See**, **e.g.**, **Commonwealth v. Randal**, 837 A.2d 1211, 1214 (Pa. Super. 2003). However, the PCRA subsumes all challenges to the legality of the sentence, and such challenges must still satisfy the PCRA's time limits or one of the exceptions thereto.  **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999).  Appellant does not plead or prove one of the time bar exceptions. Accordingly, the PCRA court did not err in dismissing his petition despite the illegality of his sentence.  **See Ragan**, 923 A.2d at 1170; **Fahy**, 737 A.2d at 223.

Thus, we agree with counsel that Appellant's claim does not merit relief. On independent review, we find no other claims of merit.

Order affirmed.  Application to withdraw granted.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/18

---

[6] Appellant's petition is patently untimely.  As noted above, Appellant had until October 17, 2012, to file a timely PCRA petition.  Appellant's petition, filed almost four years after that date, is untimely.

- 6 -