J-S59014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT A. JACKSON | : | |
| | : | |
| Appellant | : | No. 617 EDA 2018 |

Appeal from the PCRA Order January 29, 2018
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001955-2013

BEFORE: GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED NOVEMBER 30, 2018**

Appellant, Robert A. Jackson, appeals *pro se* from the order entered in the Chester County Court of Common Pleas, which denied his first petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm the order denying PCRA relief but vacate Appellant's designation as a sexually violent predator ("SVP") and remand with instructions.

The relevant facts and procedural history of this case are as follows. Between February and May of 2013, Appellant sexually abused two brothers, J.G. and C.G., ages six and nine, respectively. On August 8, 2014, a jury convicted Appellant of involuntary deviate sexual intercourse with a child, four counts each of aggravated indecent assault on a child without consent and aggravated indecent assault on a child, and two counts each of endangering

the welfare of children, corruption of minors, and indecent assault on a child. On November 10, 2014, the court sentenced Appellant to an aggregate term of 83 to 167 years' imprisonment, which included some mandatory minimums. The court also informed Appellant of his lifetime reporting requirements as a Tier III offender under the Sexual Offender Registration and Notification Act ("SORNA") and designated Appellant as a SVP. This Court, on December 30, 2015, vacated the judgment of sentence and remanded for resentencing without the mandatory minimums pursuant to 42 Pa.C.S.A. § 9718. **See Commonwealth v. Jackson**, 135 A.3d 669 (Pa.Super. 2015). The court resentenced Appellant on April 14, 2016, to an aggregate term of 83 to 167 years' imprisonment without any mandatory minimums. Appellant's sentence still included SORNA registration and SVP status. Appellant did not file post-sentence motions or a direct appeal.

Appellant timely filed a *pro se* PCRA petition on November 10, 2016, and the PCRA court appointed counsel on November 17, 2016. On August 18, 2017, counsel filed a petition to withdraw and a **Turner/Finley**[1] no-merit letter. The PCRA court issued notice on December 21, 2017, of its intent to dismiss pursuant to Pa.R.Crim.P. 907; Appellant did not respond. On January 29, 2018, the PCRA court denied relief and granted counsel's petition to withdraw. Appellant timely filed a *pro se* notice of appeal on February 26,

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

2018. On February 28, 2018, the PCRA court ordered Appellant *pro se* to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court issued an order in lieu of a Rule 1925(a) opinion on April 10, 2018, stating Appellant did not file a Rule 1925(b) statement which waived his issues. Appellant filed a Rule 1925(b) statement on April 30, 2018.[2]

Appellant raises the following issues for our review:

> DOES APPELLANT'S FAILURE TO FILE [A PA.R.A.P.] 1925(B) STATEMENT WAIVE A CHALLENGE TO [THE] PCRA COURT DECISION BASED ON FRAUD VIOLATIVE OF THE LAW [18 PA.C.S.A. §] 4911(A)(1) RENDERING SAID JUDGMENT VOID?
>
> DID [THE PCRA] COURT AND PCRA COUNSEL COMPLY WITH THIS COURT'S **FINLEY** DECISION AND [THE] SUPREME COURT'S **TURNER** DECISION?

(Appellant's *Pro Se* Brief at 6).

As a prefatory matter, we observe the failure to file a court-ordered Rule 1925(b) statement generally constitutes a waiver of all issues. **Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306 (1998). "[T]o preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal

---

[2] On September 24, 2018, Appellant filed *pro se* in this Court a "Petition for Rule to Show Cause Why Clerk of Court Should Not Be Held in Contempt of Court." Appellant's petition asks this Court to issue a rule to show cause on the clerk of courts for Chester County for an alleged failure to send documents. We deny Appellant's petition without prejudice to his right to file a similar petition in the court of common pleas.

pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (citing *Lord, supra* at 420, 719 A.2d at 309). An untimely filed Rule 1925(b) statement is equivalent to a complete failure to file. *Commonwealth v. Burton*, 973 A.2d 428, 423 (Pa.Super. 2009) (*en banc*).

Here, Appellant is proceeding *pro se* on appeal. The PCRA court ordered Appellant on February 28, 2018, to file a Rule 1925(b) statement. Appellant did not timely comply with the PCRA court's order. Therefore, we deem Appellant's issues on appeal waived. *See Castillo, supra*; *Lord, supra*; *Burton, supra*.

Nevertheless, we are mindful of recent case law calling into question the validity of SVP status. Given the timeliness of Appellant's PCRA petition, we elect to review the legality of the sentence *sua sponte*. *See Commonwealth v. Randal*, 837 A.2d 1211 (Pa.Super. 2003) (*en banc*) (explaining challenges to illegal sentence cannot be waived and may be raised by this Court *sua sponte*, assuming jurisdiction is proper; illegal sentence must be vacated).

Our Supreme Court has held that the registration requirements under the Sexual Offender Registration and Notification Act ("SORNA") constitute criminal punishment. *Commonwealth v. Muniz*, ___ Pa. ___, 164 A.3d 1189 (2017). In light of *Muniz*, this Court held: "[U]nder *Apprendi* and *Alleyne*, a factual finding, such as whether a defendant has a mental

abnormality or personality disorder that makes him…likely to engage in predatory sexually violent offenses, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder."[3] *Commonwealth v. Butler*, 173 A.3d 1212, 1217 (Pa.Super. 2017) (addressing SVP status *sua sponte* as illegal sentence) (internal quotations and citations omitted). This Court further held: "Section 9799.24(e)(3) of SORNA[4] violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." *Id.* at 1218. The *Butler* Court concluded that trial courts can no longer designate convicted defendants as SVPs or hold SVP hearings, "until [the] General Assembly enacts a constitutional designation mechanism." *Id.* (vacating appellant's SVP status and remanding to trial court for sole purpose of issuing appropriate notice under 42 Pa.C.S.A. § 9799.23, governing reporting requirements for sex offenders, as to appellant's registration obligation).

Here, following an assessment by the Sexual Offender Assessment Board, the court imposed SVP status on Appellant on November 10, 2014.

---

[3] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

[4] *See* 42 Pa.C.S.A. § 9799.24(e)(3) (stating: "At the hearing prior to sentencing, the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator").

- 5 -

Appellant's SVP status carried a lifetime registration requirement. *See* 42 Pa.C.S.A. § 9799.15(a)(6). This Court vacated Appellant's judgment of sentence on December 30, 2015, and remanded to the trial court, which resentenced Appellant on April 14, 2016. Appellant did not file a direct appeal. The new judgment of sentence occurred after the United States Supreme Court had decided *Alleyne* on June 17, 2013. Relying on *Alleyne*, this Court decided *Butler* on October 31, 2017, which deemed unconstitutional the current mechanism for imposition of SVP status used in the present case and stated trial courts cannot impose SVP status in that manner. *See Butler, supra*. Both *Muniz* and *Butler* were decided during the pendency of Appellant's timely PCRA petition. Under these new cases, Appellant's SVP status constitutes an illegal sentence subject to correction. *See* 42 Pa.C.S.A. § 9542 (stating persons serving illegal sentence may obtain collateral relief); *Commonwealth v. DiMatteo*, ___ Pa. ___, 177 A.3d 182 (2018) (allowing *Alleyne* relief in PCRA context, so long as judgment of sentence was not final before *Alleyne* was decided) (citing *Commonwealth v. Ruiz*, 131 A.3d 54 (Pa.Super. 2015) (applying *Alleyne* to correct illegal sentence in context of timely-filed PCRA petition)). Accordingly, we affirm the denial of PCRA relief, vacate Appellant's SVP status, and remand for a revised notice of registration/reporting under 42 Pa.C.S.A. § 9799.23. *See Butler, supra*.

Order affirmed; SVP status vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/30/18