J-S02033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KAREEM GORDON | |
| Appellant | No. 3588 EDA 2014 |

Appeal from the Judgment of Sentence Entered November 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0011236-2013

BEFORE:  SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                     **FILED JULY 07, 2016**

Appellant, Kareem Gordon, appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on November 14, 2014, revoking his parole and sentencing him to an aggregate of five to ten years of incarceration to be followed by five years of reporting probation. Upon review, we affirm the revocation of Appellant's parole, vacate Appellant's judgment of sentence, and remand for resentencing.

On July 16, 2014, Appellant entered a negotiated guilty plea on four counts: Count 1 – Firearms not to be carried without a license; Count 2 – Carrying firearms in public in Philadelphia; Count 4 - Fleeing or attempting to elude an officer; and Count 5 - Possession of a firearm by a prohibited

person.[1]  An order of *nolle prosequi* was entered as to Count 3.  In accordance with plea negotiations, Appellant was sentenced to eleven and one-half to twenty-three months of incarceration followed by three years' reporting probation on Count 1 and five years' consecutive probation on Count 4.  As to Counts 2 and 5, there was a determination of guilt without further penalty.

Appellant was paroled on September 18, 2014.  However, on October 4, 2014, Appellant was arrested for possession of a firearm by Officer Robert McCuen.  The Commonwealth then moved for revocation of Appellant's parole.

At the parole revocation hearing held on November 14, 2014, the Commonwealth presented the testimony of Officer McCuen, which established the following.  On October 4, 2014 around 8:00 p.m., Officer McCuen and his partner conducted a vehicle investigation.  N.T. Violation Hearing, 11/14/14, at 8-9.  The vehicle belonged to the driver and Appellant was in the passenger's seat.  *Id.* at 14.  As Officer McCuen approached the passenger's side of the car, through the back window of the vehicle he observed Appellant lean forward toward the glove box and then lean back. *Id.* at 10, 18.  Appellant's hands were "really nervous" and "shaking" and Appellant started doing something on his phone.  *Id.* at 10, 12-13.

---

[1] Respectively, 18 Pa.C.S.A §§ 6106, 6108, 75 Pa.C.S.A. § 3733, and 18 Pa.C.S.A. § 6105.

Appellant's heart was beating so hard that Officer McCuen could see Appellant's shirt rising from his chest. *Id.* at 13. Officer McCuen then asked Appellant to step out of the car, conducted a frisk of Appellant's person, and removed him to the rear of the vehicle. While his partner had Appellant at the rear of the car, Officer McCuen went to the front part of the car and recovered a loaded handgun with an obliterated serial number from the glove box. *Id.* at 10-11.

On cross-examination, Officer McCuen testified that the driver, who was still in the car, was surprised at the sight of the gun stating, "Oh shit. That's not my gun. I'm a correctional officer in Delaware County." *Id.* at 16. The driver was released without giving any further statements, and it was not verified whether or not the driver was actually a correctional officer. *Id.* at 17. Additionally, Officer McCuen indicated that it was possible Appellant was talking on his phone when he initially approached the vehicle and that Appellant complied with his request to stop talking on the phone. *Id.* at 21. Further, Officer McCuen never saw Appellant's hands near the glove box. *Id.* at 22.

At the conclusion of the hearing, the trial court determined Appellant had violated his parole. The trial court resentenced Appellant following the violation hearing as follows:

> Count 1 – Firearms not to be carried without a license (18 Pa.C.S. § 6106): parole revoked and    2 ½ - 5 years incarceration.

Count 2 – Carrying firearm in public in Philadelphia (18 Pa.C.S. §6108): 2 ½ - 5 years incarceration, concurrent with Count 1;

Count 4 – Fleeing or attempting to elude an officer (75 Pa.C.S. §3733): 5 years probation consecutive to Count 1; and

Count 5 – Possession of a firearm by prohibited person (18 Pa.C.S. § 6105): 2 ½ - 5 years incarceration, consecutive to Count 1.

Appellant timely filed a notice of appeal and, as ordered by the trial court, a Pa.R.A.P. 1925(b) statement. The trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant raises two issues for our review.

1. Did the court below err by finding Appellant in violation of his [parole][2] based on testimony that was insufficient to prove that Appellant had actual or constructive possession of a gun recovered from the glove compartment of a vehicle in which he was a passenger?

2. Did the lower court impose an illegal sentence when it resentenced Appellant on two counts for which Appellant had originally received no further penalty?

Appellant's Brief at 4.

Appellant first claims his sentence should be vacated because the trial court erred in revoking his parole. Appellant alleges the Commonwealth failed to provide sufficient evidence to prove that Appellant had actual or constructive possession of the recovered firearm. Appellant argues, therefore, that the trial court erred in finding that Appellant had possession

_____

[2] In his brief, Appellant consistently misstates that he was on probation. Appellant was on parole at the time of his arrest.

of the weapon. *Id.* at 16. Essentially, Appellant argues this Court should reinstate his parole and vacate his sentence because the Commonwealth failed to prove he had possession of the firearm recovered from the glove box. *Id.* at 19.

Possession can be proven by actual possession or by constructive possession. *Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013).

> Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Id.* Further,

> the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion.[3] . . .

---

[3] "[A]n abuse of discretion is not merely an error in judgment. Instead, it involves bias, partiality, prejudice, ill-will, or manifest unreasonableness." *Commonwealth v. Kalichak*, 943 A.2d, 285, 290 (Pa. Super. 2008) (citation omitted).

Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement.

*Kalichak*, 943 A.2d at 290-91 (citations omitted).

The record reveals the Commonwealth proved that Appellant violated his parole by a preponderance of the evidence, and that the trial court fully addressed whether parole remained a viable means of rehabilitating Appellant and deterring his future antisocial conduct. In particular, the trial court considered Appellant's movements, behavior, and his placement in the car in relation to the firearm in the glove box. N.T. Violation Hearing, 11/14/14, at 31. Based on these facts, the trial court determined it was more likely than not that Appellant had constructive possession of the recovered firearm. *Id.* at 35, 40. Additionally, the trial court held that it no longer believed parole was a viable means of rehabilitating Appellant or that it would deter any future criminal conduct. *Id.* at 38-44. As such, the trial court did not abuse its discretion or err in revoking Appellant's parole.

In his second issue, Appellant challenges the legality of his sentence and the jurisdiction of the trial court. Appellant argues that his sentence was illegal as the trial court imposed a sentence on Counts 2 and 5 for which Appellant had originally received a sentence of guilty with no further penalty. Appellant further argues that the trial court had no jurisdiction to impose this sentence as the thirty-day period for altering or modifying Appellant's sentence had passed.

Both the trial court and the Commonwealth agree with Appellant that the sentence imposed is illegal and that the trial court could not impose, upon revocation of parole, new sentences for Counts 2 and 5.  The trial court requests a remand for resentencing.[4]  As this Court has previously explained:

> Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence.  Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence.  At some point thereafter, the defendant may again be paroled.

**Kalichak**, 943 A.2d at 290; **see also** 42 Pa.C.S.A. § 9776(e).  Accordingly, the trial court was permitted only to recommit Appellant under the terms of his original sentence, not to impose a new sentence.  It was error to impose a sentence on Counts 2 and 5, and those sentences will therefore, be vacated.

Although not raised by Appellant, we *sua sponte* also raise the legality of the trial court's resentencing on Count 1.  Appellant was initially sentenced on Count 1 to 11 ½ - 23 months' incarceration, followed by three

---

[4] Challenges to an illegal sentence can never be waived.  **Commonwealth v. Randal**, 837 A.2d 1211, 1214 (Pa. Super. 2003).  The trial court requests that we remand for resentencing as it imposed an illegal sentence with respect to Counts 2 and 5, as a finding of guilt with no further penalty was originally entered on those counts more than thirty days prior.  Trial Court Opinion, 3/17/15, at 2 (citing **Commonwealth v. Williams**, 97 A.2d 1205, 1210 (Pa. Super. 2010)).

years' reporting probation. After his violation hearing, Appellant was resentenced on Count 1 to 2 ½ - 5 years' incarceration. As previously stated, upon parole revocation, a sentencing court may only recommit the defendant to serve the already-imposed original sentence. It may not impose a new penalty. Here, the trial court improperly increased the penalty originally imposed on Count 1 after finding a violation of parole, as opposed to committing Appellant to his original sentence. This too was error requiring a remand for resentencing.

As the trial court did not abuse its discretion or err in revoking Appellant's parole, we affirm Appellant's parole revocation. We however vacate Appellant's judgment of sentence to the extent that the trial court imposed an illegal sentence, and remand for resentencing consistent with this Memorandum.

Revocation of parole affirmed. Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/7/2016