J-S16030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM CHANDLER BYERS AUGUSTA | : | No. 749 MDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence February 28, 2017
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000068-2016,
CP-21-CR-0002014-2015, CP-21-CR-0002934-2015

BEFORE: BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.: **FILED APRIL 27, 2018**

William Chandler Byers Augusta (Appellant) appeals from the trial court's determination that he is a sexually violent predator (SVP). We vacate Appellant's SVP designation under SORNA, but note that he remains subject to lifetime registration and otherwise affirm his judgment of sentence.

On October 18, 2016, Appellant pled guilty to a multitude of sexual offenses, including numerous counts of rape of a child, aggravated indecent assault of a child, sexual abuse of children, and criminal conspiracy. On February 28, 2017, the trial court sentenced him to an aggregate 45 to 90 years of incarceration, followed by 30 years of probation. The trial court also

_____

* Retired Senior Judge assigned to the Superior Court.

ordered that Appellant comply with the requirements of SORNA.[1] That same day, by separate order, the trial court found Appellant to be a sexually violent predator, stating "upon conclusion of the mandated SVP hearing, review of both Doctors' reports, [Appellant] is found to be a sexually violent predator as defined by statute." Order, 2/28/17. The trial court, counsel and Appellant all signed "Acknowledgment of Notification Pursuant to 42 Pa.C.S. § 9799.23", which specified that Appellant was classified as an SVP (as opposed to a Tier I, II, or III Offender).

Appellant filed a post-sentence motion for modification of sentence on March 9, 2017, which the trial court denied on April 7, 2017. Appellant filed this appeal on May 5, 2017, and on May 8, 2017, the trial court directed him to comply with Pa.R.A.P. 1925(b). On May 26, 2017, Appellant's counsel filed a statement of intent to file an **Anders**/**McClendon** brief.[2] The trial court did not file an opinion. On October 31, 2017, this Court decided **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), in which we held that the portion of SORNA governing SVP status was unconstitutional. Accordingly, Appellant's counsel did not file an **Anders**/**McClendon** brief, and as a result, Appellant presents the following issue:

---

[1] Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41.

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

WHETHER THE PORTION OF [APPELLANT'S] SENTENCE DEEMING HIM A SEXUALLY VIOLENT PREDATOR IS ILLEGAL.

Appellant's Brief at 2.

Preliminarily, we note that Appellant's challenge to the legality of his sentence is non-waiveable. *See*, *e.g.*, *Commonwealth v. Foster*, 17 A.3d 332 (Pa. 2011). Moreover, even had Appellant not raised this issue, we may address it *sua sponte*. *See Commonwealth v. Randal*, 837 A.2d 1211 (Pa. Super. 2003) (*en banc*).

Appellant accurately states, "the trial court conducted an SVP hearing and determined the Appellant to be a sexually violent predator using the clear and convincing evidence standard as prescribed by 42 Pa.C.S. §9799.24(e)(3)." Appellant's Brief at 5. He further cites *Butler*, holding that 42 Pa.C.S.A. § 9799.24(e)(3) was unconstitutional. *Id.* at 6-7. We explained:

> [O]ur Supreme Court's holding [in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017)] that registration requirements under SORNA constitute a form of criminal punishment is dispositive of the issue presented in this case. In other words, since our Supreme Court has held that SORNA registration requirements are punitive or a criminal penalty to which individuals are exposed, then under *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] and *Alleyne* [*v. United States*, 570 U.S. 99 (2013)], a factual finding, such as whether a defendant has a "mental abnormality or personality disorder that makes [him or her] likely to engage in predatory sexually violent offenses [,]" 42 Pa.C.S.A. § 9799.12, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder. Section 9799.24(e)(3) identifies the trial court as the finder of fact in all instances and specifies clear and convincing evidence as the burden of proof required to designate a convicted defendant as an SVP. Such a statutory scheme in the criminal context cannot

- 3 -

withstand constitutional scrutiny. Accordingly, we are constrained to hold that section 9799.24(e)(3) is unconstitutional and Appellant's judgment of sentence, to the extent it required him to register as an SVP for life, was illegal.

As the sole statutory mechanism for SVP designation is constitutionally flawed, there is no longer a legitimate path forward for undertaking adjudications pursuant to section 9799.24. **As such, trial courts may no longer designate convicted defendants as SVPs, nor may they hold SVP hearings, until our General Assembly enacts a constitutional designation mechanism**.

*Butler*, 173 A.3d at 1217–1218 (emphasis added).

Consistent with the foregoing, we agree with Appellant that his designation as an SVP under SORNA was illegal.[3] We therefore vacate that portion of Appellant's sentence. *See Commonwealth v. Tighe*, 2018 PA Super 86 (Apr. 12, 2018). However, because Appellant was convicted of rape, which is a Tier III offense, we note that he is still subject to lifetime registration. *Id.*, *citing* 42 Pa.C.S.A. § 9799.14 (classifying rape as a Tier III offense).

SVP designation vacated. Judgment of sentence otherwise affirmed.

---

[3] The Commonwealth notes that a petition for allowance of appeal in *Butler* is pending at 47 WAL 2018, but concedes that at present, Appellant's SVP designation is illegal. Commonwealth Brief at 8 ("If or until *Butler* is overturned, [Appellant's] SVP designation is illegal.")

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>04/27/18</u>