J-S26020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MYRON FOWLER | : | |
| | : | |
| Appellant | : | No. 4061 EDA 2017 |

Appeal from the Judgment of Sentence September 28, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012068-2014

BEFORE:   PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

MEMORANDUM BY GANTMAN, P.J.E.:                **FILED JULY 16, 2019**

Appellant, Myron Fowler, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for indecent assault of child less than 13, endangering the welfare of children, corruption of minors, and unlawful contact with a minor.[1] We affirm in part, vacate in part, and remand.

In its opinion, the trial court correctly set forth most of the relevant facts and procedural history.  Therefore, we have no reason to restate them.  We add that Appellant sexually assaulted Victim from approximately 2005 to 2014.  The court sentenced Appellant on September 28, 2017, to 1 to 3 years' imprisonment, plus 7 years' probation.  The court required Appellant to

---

[1] 18 Pa.C.S.A. §§ 3126(a)(7), 4304(a)(1), 6301(a)(1)(ii), 6318(a)(1), respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

register and report for life as a Tier III offender under the Sexual Offender Registration and Notification Act ("SORNA") and designated Appellant as a sexually violent predator ("SVP"). On December 27, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a Rule 1925(b) statement on January 22, 2018.

Appellant raises the following issue for our review:

WAS THERE INSUFFICIENT EVIDENCE TO CONVICT APPELLANT…OF UNLAWFUL CONTACT WITH MINOR— SEXUAL OFFENSES, INDECENT ASSAULT [OF A] PERSON LESS THAN 13 YEARS OF AGE, CORRUPTION OF MINORS, AND ENDANGERING [THE] WELFARE OF CHILDREN?

(Appellant's Brief at 3).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Gwendolyn N. Bright, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed April 18, 2018, at 4-6) (finding: Appellant engaged in routine course of conduct of sexually assaulting Victim; evidence established Appellant regularly assaulted Victim by putting his hand in Victim's pants, fondling her buttocks, and kissing her neck; Appellant's assaultive behavior began when Victim was four years old and continued until Victim was fourteen years old; Appellant invoked God as means to dissuade Victim from resisting assaults; Appellant's claim that Commonwealth failed to prove

specific time and place where assault occurred is without merit; Victim testified that Appellant sexually assaulted her when she was between ages of four and fourteen; Appellant routinely abused Victim when she visited Appellant on "C" Street and Vista Street in Philadelphia; incidents occurred in Appellant's bedroom at those locations, as well as in Victim's grandmother's basement and in Appellant's car; no ambiguity existed as to time frame and locations of Appellant's criminal conduct). The record supports the trial court's rationale. Therefore, we confirm the sufficiency of the evidence.

Nevertheless, we are mindful of recent case law calling into question the validity of Appellant's SORNA registration requirements and SVP status. Consequently, we elect to review the legality of Appellant's sentence *sua sponte*. **See Commonwealth v. Randal**, 837 A.2d 1211 (Pa.Super. 2003) (*en banc*) (explaining challenges to illegal sentence cannot be waived and may be raised by this Court *sua sponte*, assuming jurisdiction is proper; illegal sentence must be vacated); **Commonwealth v. Butler**, 173 A.3d 1212 (Pa.Super. 2017), *allowance of appeal granted*, ___ PA. ___, 190 A.3d 581 (2018) (addressing legality of appellant's SVP status *sua sponte*).

> Our Supreme Court declared SORNA unconstitutional, to the extent it violates the *ex post facto* clauses of both the United States and Pennsylvania Constitutions. [**Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018)]. The **Muniz** court determined SORNA's purpose was punitive in effect, despite the General Assembly's stated civil remedial purpose. SORNA also violates the *ex post facto* clause of the Pennsylvania Constitution because it places a unique burden on the right to reputation and undermines the

finality of sentences by demanding more severe registration requirements.  The effective date of SORNA, December 20, 2012, controls for purposes of an *ex post facto* analysis.

In light of **Muniz**, this Court also held: "[U]nder **Apprendi** [**v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)] and **Alleyne** [**United States**, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)] a factual finding, such as whether a defendant has a mental abnormality or personality disorder that makes him…likely to engage in predatory sexually violent offenses, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder."  **Butler, supra** at 1217 (addressing SVP status *sua sponte* as illegal sentence) (internal quotations and citations omitted).  **See also Alleyne, supra** (holding any fact that increases mandatory minimum sentence for crime is considered element of crime to be submitted to factfinder and found beyond reasonable doubt).  This Court further held: "Section 9799.24(e)(3) of SORNA violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." **Id.** at 1218.  The **Butler** Court concluded that trial courts can no longer designate convicted defendants as SVPs or hold SVP hearings, "until [the] General Assembly enacts a constitutional designation mechanism."  **Id.** (vacating appellant's SVP status and remanding to trial court for sole purpose of issuing appropriate notice under 42 Pa.C.S.A. § 9799.23, governing reporting requirements for sex offenders, as to appellant's registration obligation).

Following **Muniz** and **Butler**, the Pennsylvania General Assembly enacted legislation to amend SORNA.  Act 10 amended several provisions of SORNA, and also added several new sections found at 42 Pa.C.S.A. §§ 9799.42, 9799.51-9799.75.   In addition, the Governor of Pennsylvania signed new legislation striking the Act 10 amendments and reenacting several SORNA provisions, effective June 12, 2018.  Through Act 10, as amended in Act 29, the General Assembly created Subchapter I, which addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012.  Subchapter I contains less stringent reporting requirements

than Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012.

***Commonwealth v. Alston***, 2019 PA Super 178, *2-*3 (filed June 6, 2019) (footnotes and some internal citations omitted). "[W]hen an appellant's offenses straddle the effective dates of Subchapters H and I of SORNA, he is entitled to the lower reporting requirements of Subchapter I, absent a specific finding of when the offenses related to the convictions actually occurred." ***Id.*** at *3.

Instantly, Appellant committed sexual offenses between 2005 and 2014. A jury convicted Appellant of indecent assault of child less than 13, endangering the welfare of children, corruption of minors, and unlawful contact with a minor. The court sentenced Appellant to an aggregate term of 1 to 3 years' imprisonment, plus 7 years' probation; during the sentencing hearing, the court also designated Appellant as an SVP and required Appellant to register and report for life under SORNA.

Here, the court designated Appellant an SVP by clear and convincing evidence under Section 9799.24(e)(3), which violates the federal and state constitutions. ***See Butler, supra***. Therefore, we must vacate Appellant's SVP status. ***See id.***

Further, the jury did not specifically find the dates when Appellant committed his offenses. Appellant's offenses straddle the operative dates for Subchapters H and I. Without a specific finding by the chosen factfinder of when the offenses occurred, Appellant is entitled to the lowest punishment.

***See Alston, supra***.

Accordingly, we affirm the judgment of sentence in part and vacate that portion of the judgment of sentence regarding Appellant's SVP status and SORNA reporting requirements; we remand the case to the trial court to instruct Appellant on his proper registration and reporting requirements.

Judgment of sentence affirmed in part and vacated in part solely as to SVP status and SORNA reporting requirements; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/16/19

**FILED**

2018 APR 18 PH 12: 21

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST COMMONWEALTH
OF PENNSYLVANIA

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : CP-51-CR-0012068-2014

:

CP-51-CR-0012068-2014 Comm. v. Fowler, Myron L.
Opinion

8097570541

VS. :

: SUPERIOR COURT OF PENNSYLVANIA

MYRON FOWLER : ~~4065~~1 EDA 2017

4061

O P I N I O N

BRIGHT, J.

On January 30, 2017 Appellant was found guilty by a jury before the Honorable Gwendolyn

N. Bright on charges of Unlawful Contact With Minor-Sexual Offenses, Indecent Assault Person

Less Than 13 Years of Age, Corruption of Minors and Endangering Welfare of Children. On

September 28, 2017 Appellant was sentenced to a term of incarceration followed by probation. By

agreement of counsel Appellant was determined to be a Sexually Violent Predator (SVP) with

lifetime registration requirements. 9/28/17 N.T. at 4-5, 32-34.[1] On December 7, 2017 Appellant's

Motion to Reconsider Sentence was denied. This appeal followed on December 14, 2017.

The following issues are raised on appeal:

1.  The evidence was insufficient to convict Appellant Myron L. Fowler of Unlawful
    Contact With Minor – Sexual Offenses 18 §6318 §A1, Corruption of Minors –
    Defendant Age 18 or Above 18 § 6301 §§ A1ii, Indecent Assault Person Less Than
    13 Years of Age 18 § 3126 §§ A7, Endangering Welfare of Children 18 § 4304 §§
    A1.

2.  There was no defined time period within which these alleged acts occurred. The
    evidence at trial was vague as to time and place of the alleged acts. There was no

---

[1] 9/28/17 N.T. refers to the Notes of Testimony from Appellant's sentencing hearing before Honorable Gwendolyn
Bright on September 28, 2017.

credible evidence of corroboration of the alleged acts.

## FACTS

Appellant, the biological father of K.D.F. sexually assaulted his daughter starting when she was four to five years old. 1/25/17 N.T. at 25-26.[2] The incidents of illicit touching lasted until K.D.F. was about fourteen. Id. 40.

K.D.F. testified that one of the first incidents occurred when Appellant wrapped her in a towel, took her out of the bathtub and brought her to his bedroom. In the bedroom Appellant stood K.D.F. on the bed, grabbed and squeezed her butt. Id at 26. K.D.F. testified that she remembered the incident, even though she was so young at the time, because "I knew it was not normal, but it was coming from my dad. I didn't know what to think." Id.

K.D.F. testified to a number of similar incidents that took place at different locations, including in a car and at her grandmother's house. According to K.D.F. it became a "routine" that took place every other weekend when she visited her father. Id. at 30-35, 38, 40. Appellant's behavior involved either unbuckling the child's pants, or squeezing his hand down her pants to grasp and squeeze her butt. Id. According to K.D.F. "his fingers were like in between my butt," but not in her butt hole. Id. at 39-40. K.D.F. described an incident when she was older and told Appellant "no" when he started to advance on her. Id. at 31. Appellant's response was "I can't say no to him because God will punish me. He told me I can't say no because God will punish me and I have to honor him." Id.

Contemporaneous with Appellant's sexual abuse, K.D.F. kept a diary chronicling the abuse and emotional impact on her. Id. at 41. K.D.F. read exerts from her diary describing "Dad told me he loved me today. It is hard to believe it when he is touching on me", and "the way he holds me

---

[2] 1/25/17, N.T. refers to the Notes of Testimony from Appellant's trial held before Honorable Gwendolyn Bright on January 25, 2017.

close to him and kiss on my neck makes me want to cry." Id. at 42. The complainant goes on to

describe the pain and reluctance to disclose the abuse, stating "I feel nasty that I have not stopped

him," and even contemplated suicide. Id. at 42-44. K.D.F. finally disclosed to her mother after a

school meeting where other girls talked about family issues. Id. at 45.

## DISCUSSION

Appellant first complains that the evidence is insufficient to support the verdict. This claim

is without merit.

In Commonwealth v. Levy, 83 A.3d 457, 2013 Pa. Super. 331 (Pa. Super. 2013), the

Superior Court of Pennsylvania stated the well-established standard of review for challenges to the

sufficiency of the evidence as follow:

"A challenge to the sufficiency of the evidence is a question of law, subject to plenary review. When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner. Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty. Finally, the trier of fact while passing upon the credibility of witnessed and the weight of the evidence produced, is free to believe all, part or none of the evidence."

Commonwealth v. Levy, 83 A.3d 457, supra @461, (citations omitted). In the instant case,

Appellant was found guilty of Unlawful Contact With a Minor, Corruption of a Minor and

Endangering the Welfare of a Child, and Indecent Assault.

18 Pa. C.S.A. § 6318 defines Unlawful Contact With Minor in pertinent part as follows:

**§ 6318. Unlawful Contact With Minor.**

(a) Offense defined.—A person commits an offense if he is intentionally in contact with a minor ---- for the purpose of engaging in an [unlawful act]. The act being (1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

**Corruption of a Minor is defined in 18 Pa. C.S.A. § 6301 as follows:**

(a) Offense defined. [W]hoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime....

**Endangering Welfare of Children is defined in 18 Pa. C.S.A. § 4304 as follows:**

(a) Offense defined. A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

**Indecent Assault is defined in 18 Pa. C.S.A. § 3126 §§ A7 as follows:**

(a) Offense defined. – A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

(7) the complainant is less than 13 years of age.

In the instant case it was established that Appellant engaged in a course of conduct that became "routine" of sexually assaulting his daughter by putting his hands in her pants, fondling and squeezing her buttocks. Appellant's sexually inappropriate behavior included putting his fingers between the child's butt cheeks, and kisses on her neck. This assaultive behavior continued at diverse times while the child was between the ages of four to fourteen. Appellant even invoked "God" as a means to instill a duty of non-resistance in his daughter. This evidence is more than sufficient to sustain Appellant's conviction.

Next, appellant claims that relief is due because the Commonwealth failed to prove a specific time and place where the criminal acts occurred. This claim is without merit.

K.D.F. testified to a continuous course of sexual assault against her, perpetrated by her father when she was between the ages of four and fourteen. This abuse occurred routinely when the child visited her father on "C" Street and Vista Street in Philadelphia. The incidents occurred in Appellant's bedroom at those locations, in her grandmother's basement and in a car. There was no

ambiguity as to the time frame and locations of Appellant's criminal behavior. Id. at 24-25, 27-32, 35-36, 38-40. Pa. R. Crim. P. 504 (4) (a) states:

> Every complaint should contain:
>
> (4) The date when the offense is alleged to have been committed; provided, however:
>
> (a) If the specific date is unknown, or if the offense is a continuing one, it shall be sufficient to state that it was committed on or about any date within the period of limitations...

Here, Appellant's crimes were continuous against the minor complainant. There was sufficient notice to Appellant regarding the applicable time range, place and circumstances of his offenses. Commonwealth v. Einhorn, 911 A.2d 960, 978 (Pa. Super. 2006).

An issue not raised by Appellant relates to his SVP designation and registration requirements. However, in light of the Superior Court's decision in Commonwealth v. Butler, 173 A.3d 1212, 1217 (Pa. Super. 2017), which held that trial courts' designations of convicted defendants as sexually violent predators are unconstitutional, this Court anticipates the Superior Court to address Appellant's SVP determination. The Butler court, applying Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), Apprendi v. New Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, 570 U.S. 99 (2013), found that 42 Pa.C.S. § 9799.24(e) (3) of SORNA is unconstitutional. Section 9799.24(e) (3) lists the burden of proof to designate a convicted defendant as a Sexually Violent Predator as "clear and convincing evidence." Butler, 173 A.3d at 1218. Here, Appellant was determined to be an SVP under the above mentioned burden of proof, which has now been deemed unconstitutional. Accordingly, it is respectfully requested that the portion of this Court's sentencing order designating Appellant as an SVP be vacated and/or remanded to the trial court for proper determination and notice of registration requirements.

## CONCLUSION

For the foregoing reasons Appellant is not entitled to relief for his conviction of sexually related offenses against a minor. However, relief may be due as to his Sexually Violent Predator determination.

BY THE COURT:

DATE: 4/18/18

BRIGHT, J.