J-S04042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JASON LEE TRIPP | : | |
| | : | |
| Appellant | : | No. 581 MDA 2020 |

Appeal from the Judgment of Sentence Entered March 6, 2020
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000733-2018

BEFORE: OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 05, 2021**

Jason Lee Tripp ("Tripp") appeals from the judgment of sentence imposed following his guilty plea to possession with intent to deliver, persons not to possess firearms, and prohibited offensive weapons.[1] We affirm.

In its Opinion, the trial court summarized the relevant factual and procedural history underlying this appeal as follows:

> On July 12, 2019[,] [Tripp pled] guilty to [the above-mentioned offenses]. At the time of the plea, it was directed that [Tripp] be transported to SCI – [Camp Hill] for an evaluation to determine suitability for the [State] Intermediate Punishment Program [("SIP")]. After receipt of the Department of Corrections evaluation, on December 20, 2019[,] [Tripp] was sentenced to concurrent sentences of [SIP,] followed by a term of probation. At that time, and unbeknownst to the [trial court]

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 6105(a)(1), 908(a).

and the Commonwealth, SIP was repealed as a sentencing alternative by Act 2019-115 (S.B. 501), § 5, approved December 18, 2019, [effective] December 18, 2019. Obviously, [Tripp's sentence] was [illegal as] [SIP] no longer existed. On March 6, 2020, a re-sentencing proceeding was held in order to correct the unlawful sentence. [Tripp] was sentenced to [an aggregate term of [8 to 18 years in prison.]

Trial Court Opinion, 7/9/20, at 1-2 (footnote omitted).

Tripp did not file any post-sentence motions. Tripp filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Tripp raises the following questions for our review:

1. Whether the [trial court] should have structured [] Tripp's sentence in a manner that would have made him eligible for a sentence under the newly[-]devised State Drug Treatment Program [("SDTP")] administered by the Pennsylvania Department of Corrections[?]

2. Whether the [trial court] abused the discretionary aspects of sentencing and imposed an excessive sentence[?]

Brief for Appellant at 4.[2]

Tripp argues that the trial court abused its discretion by imposing a sentence that made him ineligible for the SDTP. *Id.* at 8-12. Tripp points out that in order for someone to be eligible for an SDTP sentence, he or she must be sentenced to a minimum prison sentence that does not exceed 5 years. *Id.*; *see also* 18 Pa.C.S.A. § 4103 (defining an "eligible person" for

_____

[2] Tripp combines his claims in the Argument section of his brief. Accordingly, we will address the claims together.

the SDTP).  According to Tripp, the trial court should have sentenced him below the mitigated range of the sentencing guidelines, or ordered his sentences to run concurrently, in order to make him eligible for the SDTP. Brief for Appellant at 11.

Tripp's claims challenge the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010).  Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> * * *
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis.  A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A.2d at 170 (quotation marks and some citations omitted).

Here, Tripp filed a timely Notice of Appeal and included a Pa.R.A.P. 2119(f) Statement in his brief.  *See* Brief for Appellant at 7.  However, Tripp did not preserve his sentencing challenge during the sentencing hearing or in

- 3 -

a post-sentence motion. ***See Commonwealth v. Watson***, 835 A.2d 786, 792 (Pa. Super. 2003) (stating that "[i]ssues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived. This failure is not cured by submitting the challenge in the Rule 1925(b) statement.") (citations and quotation marks omitted). Additionally, Tripp has not advanced a plausible argument that the trial court imposed a sentence that is inconsistent with a specific provision of the Sentencing Code or violates the fundamental norms underlying the sentencing process. ***See Moury***, ***supra***; ***Commonwealth v. Swope***, 123 A.3d 333, 339 (Pa. Super. 2015) (stating that "a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question."). Accordingly, Tripp's claims are waived.[3]

Based on the foregoing, we affirm Tripp's judgment of sentence.

_____

[3] Even if Tripp had preserved his claims, we would conclude that the trial court did not abuse its discretion, for the reasons set forth in its Opinion. ***See*** Trial Court Opinion, 7/9/20, at 3-6. The record reflects that the trial court was fully informed of all relevant sentencing factors and had the benefit of a pre-sentence investigation report ("PSI"). N.T. (Sentencing), 3/6/20, at 2-4; ***see also Commonwealth v. Finnecy***, 135 A.3d 1028, 1038 (Pa. Super. 2016) (stating that "[w]here the sentencing judge had the benefit of a [PSI], it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." (citation and quotation marks omitted)).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/05/2021

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
                                   BRADFORD COUNTY, PENNSYLVANIA
          v.
                               :   CRIMINAL DIVISION

JASON TRIPP                     :   NO:  CP-08-CR-0000733-2018
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## OPINION OF THE COURT
## PURSUANT TO PA.R.APP.PROC. RULE 1925(a)

Appellant has challenged his sentence, claiming that the Court should have structured his

sentence in a manner that would have made him eligible for a sentence under the State Drug

Treatment Program (SDTP). Appellant also claims that the Court abused the discretionary

aspects of sentencing and imposed an excessive sentence.

## FACTS

On July 12, 2019 Appellant plead guilty to the offenses of Possession with Intent to

Deliver[1], Firearms Possessed by a Person Not to Possess[2], and Prohibitive Offensive Weapon[3].

At the time of the plea, it was directed that Appellant be transported to SCI – Camphill for an

evaluation to determine suitability for the Sate Intermediate Punishment Program.[4] After receipt

of the Department of Corrections evaluation, on December 20, 2019 Appellant was sentenced to

concurrent sentences of State Intermediate Program (SIP) followed by a term of probation. At

---

[1] 35 P.S. § 780-113(a)(30)

[2] 18 Pa.C.S. § 6105(a)(1)

[3] 18 Pa.C.S. § 908(c)

[4] 42 Pa.C.S. § 9774, **repealed** by Act 2019-115 (S.B. 501), § 5, approved December 18, 2019, eff. December 18, 2019.

SCANNED

JUL 9 '20 PM 4:11



that time, and unbeknownst to the Court and the Commonwealth, SIP was repealed as a sentencing alternative by Act 2019-115 (S.B. 501), §5, approved December 18, 2019, eff. December 18, 2019. Obviously, this was not a legal sentence as the State Intermediate Punishment Program no longer existed. On March 6, 2020, a re-sentencing proceeding was held in order to correct the unlawful sentence. Appellant was sentenced to an aggregate minimum sentence of ninety-six (96) months and an aggregate maximum sentence of two hundred and sixteen (216) months.

## DISCUSSION

## I.

Appellant's first complaint is that the Court should have structured his sentence in a manner that would have made him eligible for a sentence under the State Drug Treatment Program (SDTP). This program, effective February 18, 2020, replaced the State Intermediate Punishment Program (SIP). 61 Pa.C.S.A. §4101, et seq. An eligible person for the SDTP program is defined as:

*"Eligible person."*

**(1)** A person who has not been designated by the sentencing court as ineligible and is a person convicted of a drug-related offense who:

**(i)** Has undergone an assessment performed by the Department of Corrections, which assessment has concluded that the person is in need of drug and alcohol addiction treatment and would benefit from commitment to the State drug treatment program and that placement in the State drug treatment program would be appropriate.

**(ii)** Does not demonstrate a history of present or past violent behavior.

**(iii)** Is a person sentenced to a term of confinement under the jurisdiction of the department, the minimum of which is not more than two years, or a person who is serving a term of confinement, the minimum of which is not more than five years where the person is within two years of completing the person's minimum term.

**(iv)** Provides written consent permitting release of information pertaining to the person's participation in the State drug treatment program.

...

61 Pa.C.S. § 4103.

Appellant does not dispute that the re-sentencing proceeding on March 6, 2020 was required by law. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. *Commonwealth v. Randal*, 837 A.2d 1211, 1214 (Pa. Super. 2003). An illegal sentence must be vacated. *Id.* At the time Appellant was sentenced to the SIP, the SIP had no statutory authorization. Therefore, it was necessary to vacate the sentence and re-sentence Appellant.

Appellant cites no authority to support his claim. Although the SIP is now known as the SDTP, this is not a logical basis to structure his sentence in a manner that would have made him eligible for the SDTP.

Appellant was sentenced to an aggregate minimum of ninety-six (96) months to an aggregate maximum of two hundred and sixteen (216) months. Each of Appellant's individual minimum sentences was within the guidelines of the Pennsylvania Commission on Sentencing's Basic Sentencing Matrix[5]. Appellant's prior record score was 5 yielding guideline ranges as follows:

| Crime | Mitigated | Standard | Aggravated | Sentence imposed |
|-------|-----------|----------|------------|------------------|
| Possession with Intent to Deliver | 18 | 27-33 | 42 | 27-60 |

---

[5] 204 Pa. Code § 303.16(a)

| | | | |
|---|---|---|---|
| Firearms possessed by a Person convicted of a felony | 48 | 60-60 | - | 60-120 |
| Prohibitive Offense Weapons | 6 | 9-16 | 19 | 9-36 |

When a Defendant was admitted to the SIP program, the sentencing Court would be required to re-sentence if the program was violated and the Defendant expelled. See 42 Pa.C.S. § 9774, repealed by Act 2019-115 (S.B. 501), § 5, approved December 18, 2019, eff. December 18, 2019. Being admitted into the SIP program provided a Defendant an opportunity to avoid a lengthy sentence and the Court an opportunity to impose a sentence of confinement should the Defendant be expelled from the SIP program. The new SDTP does not permit resentencing if a Defendant is expelled. Rather the length of the sentence of confinement determines eligibility. See 61 Pa.C.S.A. §4103 "eligible person." Now, if a Defendant is expelled from the SDTP, the Defendant is "housed in a State correction institution to serve the remainder of the …sentence. The expelled [defendant] shall be eligible for parole at the minimum sentence…"" 61 Pa.C.S.A. §4104(f)(1).

In this case, in order to accomplish what Appellant is asking, the Court would be required to sentence him to a minimum of 5 years incarceration which would be 3 years less than the minimum aggregate sentence imposed. The minimum sentences imposed were all bottom of the standard range. As stated on the record by the court, even sentences within the mitigated ranges would not have made Appellant eligible by providing a 5 year minimum sentence. See N.T. 3/6/20, Pg 6, lns 11-13.

There was no error in not structuring a sentence so that Appellant could be made eligible for the SDTP.

## II.

Appellant's next claim is that the court abused the discretionary aspects of sentencing and imposed an excessive sentence. The standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion, and an abuse of discretion is more than a mere error of judgment. *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007). "A sentencing court will not have abused its discretion unless 'the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.'" *Id* (quoting *Commonwealth v. Smith*, 673 A.2d 893, 895 (Pa. 1996)). Appellant's claim that the sentence was excessive raises a challenge to the discretionary aspects of the sentence and thus is not entitled to review as of right. *Commonwealth v. Allen*, 24 A.3d 1064 (Pa.Super. 2011). Amongst other requirements, Appellant must show there is a "substantial question that the sentence appealed from is not appropriate under the Sentencing Code." *Id.* at 1064. Appellant's bald claim that the sentence is excessive without raising "any challenge in the claim itself …as to a violation of the Sentencing Code or to a particular fundamental norm underlying sentencing…" does not raise a substantial question. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002).

Even if Appellant raised a substantial question, the lower court did not abuse its discretion. At the sentencing hearing, a pre-sentence investigation report and sentencing guideline were reviewed. "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations." *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa.Super. 2009). The sentences were within

the standard range of the sentencing guideline. N.T. 3/6/20. "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010).

Appellant's second claim has failed.

The judgement of sentence should be affirmed.

BY THE COURT:

Date: July 9th, 2020

_____, P. J.

Maureen T. Beirne, President Judge

MTB/ns
cc: Court Administration
    District Attorney's Office
    Public Defender's Office